DAVID COOPER ET AL., EXECUTORS (ESTATE OF MAX Y. LIPSHER) ET AL. v. DORA POLAYES

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 81034

Memorandum filed March 29, 1955.

*John N. Reynolds,* of New Haven, for the plaintiffs.

*Nelson Harris,* of New Haven, for the defendant.

DEVLIN, J. On October 29, 1954, Max Y. Lipsher entered into a contract with the defendant to purchase the property known as 13 Hallock Street in the city of New Haven. A deposit of $300 was paid and the transaction was to be completed on or before December 1 at the office of Clark, Hall and Peck. On

November 10 he died leaving a will, duly admitted to probate, in which the plaintiffs David Cooper and Barney Fineberg were named as executors and the other plaintiffs as the heirs at law. On December 1 the plaintiffs attempted to carry out the terms of the agreement but the defendant refused to convey and this action resulted.

Defendant has demurred to the action, claiming specific performance does not lie because the agreement was not one which inured to the benefit of the heirs and it was "insufficient to comply with the statute of frauds" as it did not set forth it was binding upon them, the words "heirs and assigns" being omitted.

Specific performance of a contract to convey real estate is a well-recognized remedy and will generally be granted unless to do so would be unjust, oppressive, or otherwise inequitable. *Sidor* v. *Kravec,* 135 Conn. 571; 81 C.J.S. 557. And this applies to the vendee as well as the vendor. 8 Thompson, Real Property § 4633; 81 C.J.S. 500.

It is well recognized that it is within both the power and the duty of a personal representative to complete the performance of those contracts entered into by the decedent which do not terminate at the latter's death. But it is also a general rule of common law that an executor or administrator has no interest in or rights concerning the decedent's real estate, which descends directly to the heirs, subject only to the right of the personal representative to take the property for the satisfaction of creditors, in case the personal estate is insufficient.

Under the doctrine of equitable conversion, based upon the maxim that equity regards as done that which ought to be done, the purchaser of land under an executory contract is regarded as the owner, subject to the vendor's lien for the unpaid purchase

price, and the vendor holds the legal title in trust for the purchaser. 55 Am. Jur. 782. The vendor's interest thereafter in equity is in the unpaid purchase price, and is treated as personalty; *Bowne* v. *Ide,* 109 Conn. 307; while the purchaser's interest is in the land and is treated as realty. 18 C.J.S. 49. Hence the interest of the purchaser under such a contract, being regarded as real estate, passes to the heirs rather than the personal representatives. 55 Am. Jur. 787. And they are necessary and proper parties in a suit for specific performance; 81 C.J.S. 667; together with the executor or administrator, who must pay out of the personal assets of the estate the purchase price of the property under contract. 58 A.L.R. 441.

The cases cited by the defendant cover situations in which the owner of the property has died and the purchaser is seeking specific performance. They have no application here.

General Statutes, § 8293, provides: "No civil action shall be maintained . . . upon any agreement for the sale of real estate . . . unless such agreement . . . be made in writing, and signed by the party to be charged." The defendant signed the contract and all of these requirements are fulfilled in the agreement set out in paragraph 2 of the complaint.

The demurrer is overruled.