## THE EUGENE STEINBERG COMPANY *v.*
## KARLIS ZALCMANIS ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1146

Argued March 23–decided June 25, 1982

*Michael D. O'Connell,* for the appellants (defendants Radway et al.).

*Paul Litman,* for the appellee (plaintiff).

BIELUCH, J. The plaintiff commenced this action to foreclose a judgment lien on property known as Lot No. 77 on Tamarack Drive in Windsor. The lien, recorded within four months of the plaintiff's judgment against the former owner of the property, the Optimo Realty Company, related back to the date of attachment, July 26, 1976. On January 18, 1977,

however, the Optimo Realty Company had conveyed all of its interest in the liened property to Neville and Carmen Bryden by duly recorded warranty deed. Thereafter, on February 2, 1979, the Brydens conveyed their interest in this property by recorded deed to the defendants Clive and Joan Radway, owners of the equity of redemption.[1]

On October 24, 1979, the defendants, Radway and State Bank for Savings, moved for summary judgment contending (1) that their interests in the property were superior to that of the plaintiff and (2) that the plaintiff had no valid attachment on July 26, 1976, because the doctrine of equitable conversion precluded the Optimo Realty Company from holding property available for attachment on that date. On April 3, 1980, the plaintiff also moved for summary judgment, claiming that the doctrine of equitable conversion was inappropriate and that its interest in the property was superior. On December 16, 1980, the court rendered summary judgment in favor of the plaintiff and against the defendants, concluding that the doctrine of equitable conversion had no application in the case.

After determining the amount of the debt and rendering a judgment of strict foreclosure on March 2, 1981, the court, on April 2, 1981, granted the defendants' motion to open the judgment of foreclosure and extended the law day to May 4, 1981. Thereafter, the court again granted a motion to open the judgment of foreclosure and extended the law day to May 26, 1981. Finally, on May 13, 1981, the court denied the defendants' further motion to open judgment, concluding (1) that Optimo Realty had an attachable interest in the real property at the time of the plaintiff's attachment, (2) that the plaintiff's interest was superior to that of the defendants and (3)

---

[1] Although several other creditors who held interests in the Tamarack Drive property were named as party defendants, the trial court, on November 5, 1979, entered defaults for failure to disclose defenses against all defendants but the Radways and State Bank for Savings.

that the doctrine of equitable conversion was inappropriate in the case. The defendants have appealed from the court's action.

The defendants contend that the trial court erroneously concluded that Optimo Realty possessed an attachable interest when the plaintiff placed its lien against the property. They aver that prior to the date of attachment, the Optimo Realty Company granted to the Brydens a lease of the premises coupled with a bond for deed for its purchase, which effectively deprived Optimo Realty of any attachable interest in the real estate. Specifically, they claim that by the bond for deed Optimo Realty had agreed to hold only "passive title," subject to the Brydens' purchase rights in the property. Accordingly, the plaintiff attached only the "passive title" of Optimo Realty which was subject to the Brydens' superior right of purchase. Their subsequent exercise of this right of purchase under the provisions of the bond for deed, which predated the plaintiff's attachment, deprived Optimo Realty of any attachable interest in the real estate.

We do not accept the defendants' contention that the execution of a lease coupled with a bond for deed divests the lessor of an attachable interest in the leased real estate. The agreement between the parties was a long term sales contract "in which the buyer [was] in possession and the seller retain[ed] the title." 7 Casner, American Law of Property § 16.20. By executing the lease and bond for deed, Optimo did no more than relinquish possession of the property; at the time of the plaintiff's attachment, Optimo Realty retained full right, title and interest in the property. Therefore, we conclude that the plaintiff's lien, which related back to the date of its attachment, was both valid and superior to any subsequent interests claimed by the defendants in the foreclosure action.

There is no error.

In this opinion DALY and COVELLO, Js., concurred.