I disagree with the majority's determination that the trial court's conclusion was consistent with its findings and the evidence submitted by the plaintiff.
The sole issue before the court is whether the exclusive listing agreement complied with the requirements of General Statutes 20-325a (b). The provisions of this section must be strictly construed. Seaman v. King Arthur Court, Inc.,35 Conn. Sup. 220, 223, 404 A.2d 908 (1979). Under this statute, no licensed real estate broker "shall commence or bring any action" for a sale commission unless the listing contract meets certain specified requirements. The agency contract or authorization must "(1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authorization and(S) be signed by the parties thereto." General Statutes 20-325a (b).
The defendant's duplicate copy of the listing agreement did not comply with the third and fourth requirements. It was undated, did not include the selling price and failed to give the duration of the listing. That those are essential elements of a listing agreement cannot be questioned. The use of the word "shall" connotes that the performance of the statutory *Page 660 
requirements is mandatory and the absence of any of those elements is fatal to the plaintiff's action. Hossan v. Hudiakoff 178 Conn. 381, 383,423 A.2d 108 (1979). The trial court specifically found that "[t]he defendant's copy of the exclusive sales agreement or contract has not been altered." That finding is irreconcilable with the court's further finding upon which it based its judgment for the plaintiff, namely, that "[n]othing was added to the contract, the exclusive sales agreement, after the defendant received his copy of the same." The court made no finding explaining the discrepancies between the two copies of the listing agreement in evidence.
The plaintiff's testimony regarding the documentary evidence included the following statements: He testified that he wrote the information missing from the defendant's form on his copy when the defendant met with him at his office. The plaintiff also testified that the defendant, in his own handwriting, filled in some additional blanks on the agreement form at that meeting. That latter information, unlike the entries allegedly made by the plaintiff, appears on the plaintiff's and on the defendant's copies. If, as claimed, the plaintiff had placed a piece of cardboard between the interleaved copies, it would be logical to conclude that none of the information added to the agreement at that meeting by the defendant would appear on the defendant's copy, and yet the defendant's additional items appear on both forms.
It is undisputed that the defendant's copy of the listing agreement lacked several requirements of
20-325a (b). The listing agreement was a three part carbonless" copyset of chemically treated paper simultaneously executed by any impression on the original or first copy, that being the copy retained by the plaintiff. The defendant's copy was the first duplicate in the set and, under the requirements of the statute, should have been as complete as the original *Page 661 
retained by the plaintiff which he produced in court in support of his claim. An execution in duplicate means that there must be two originals of the same tenor. "`[A] duplicate is the double of anything . . . . It is either one of the two originals, both of which are executed by the same party or parties, and may be offered in evidence.' McCuaig v. City Savings Bank, 111 Mich. 356, 358,69 N.W. 500 [1896]." Lorch v. Page, 97 Conn. 66,71, 115 A. 681 (1921).
The plaintiff's implausible explanation of the impression of the three additional statutory requirements on his copy of the listing agreement was not accepted by the special findings of the court. The incomplete provisions appearing in the defendant's copy of the contract are the only terms that the court could have found to have been contained in the listing agreement between the parties.
For these reasons, I would find error and remand with direction to render judgment for the defendant.