Country Lumber, Inc. *v.* Newington Builders
Finish Co. et al.

Clive Radway et al. *v.* Karlis Zalcmanis et al.
(2592)
(2672)

Dupont, C.P.J., Hull and Spallone, Js.

Argued April 3—decision released July 30, 1985

*Michael D. O'Connell,* with whom, on the brief, was *Marcel J. Bernier,* for the appellants (defendants in the first case, plaintiffs in the second case Clive Radway et al.).

*Joseph Glass,* for the appellee (plaintiff in the first case).

*John J. Quinn,* for the appellee (defendant in each case Frazao Construction Co., Inc.).

*William J. Bumster,* filed a brief for the appellee (named defendant in the second case).

SPALLONE, J. These are combined appeals from judgments in two cases which involve common questions of law and fact. In *Radway* v. *Zalcmanis*, the plaintiffs, Clive and Joan I. Radway brought an action to quiet title against several corporate defendants all of which held encumbrances on real estate owned by the plaintiffs. In that action, the trial court found all but one encumbrance to be valid claims on the title of the plaintiffs in the subject property.

The other case, *Country Lumber, Inc.* v. *Newington Builders Finish Co.*, was an action to foreclose a judgment lien on the property in question. In that action, Clive and Joan I. Radway, State Bank for Savings, the mortgagee of the property, and the remaining encumbrancers were defendants. The trial court granted Country Lumber, Inc.'s motion for summary judgment as to liability only and rendered judgment of strict foreclosure.

The defendants Clive and Joan I. Radway and State Bank for Savings have appealed from the judgment of strict foreclosure. The plaintiffs, Clive and Joan I. Radway, have also appealed from the judgment in the quiet title action.

When the chain of events leading to the original law suits was set in motion, Optimo Realty (vendor) was the owner of the realty in question. As vendor, it entered into a contract of sale and a lease with Neville and Carmen Bryden (vendees). The total purchase price for the real estate was $45,474.78. The vendees paid the vendors a deposit of $9474.78.

On March 26, 1976, a bond for deed reciting the agreement of sale between the parties and a notice of lease were duly recorded on the land records of the town of Windsor. Subsequent to the recording of these documents, the defendants brought sundry actions

against the vendor and filed various encumbrances upon the vendor's interest in the real estate.

Later, the vendor delivered a warranty deed to the vendees which conveyed the real estate to the vendees, but which was silent as to the recorded encumbrances. The vendees recorded the conveyance on the land records. Approximately two years later, the vendees, also by warranty deed, conveyed the real estate to Clive and Joan I. Radway who in turn gave a first mortgage to the State Bank for Savings. All transactions were duly recorded on the land records. The deed tendered by the vendees was also silent as to the encumbrances placed upon the realty.

The central and controlling issue before this court is whether the execution of a lease coupled with a bond for deed divests the vendor of an attachable interest in the subject real estate.

The very same issue was before the Appellate Session of the Superior Court in *Eugene Steinberg Co.* v. *Zalcmanis*, 38 Conn. Sup. 452, 454, 450 A.2d 1170 (1982). There the court determined: "The agreement between the parties was a long term sales contract 'in which the buyer [was] in possession and the seller retain[ed] the title.' 7 Casner, American Law of Property § 16.20. By executing the lease and bond for deed, Optimo did no more than relinquish possession of the property; at the time of the plaintiff's attachment, Optimo Realty retained full right, title and interest in the property." Id. Although we recognize that a bond for deed gives the holder an equitable title; see 8A Thompson, Real Property § 4441; we find the underlying reasoning and conclusion of the court in that case compelling and dispositive of the claims of error in the present case. The judgment lien of Country Lumber, Inc., which related back to the date of its attachment, was both valid and superior to the Radways' equitable

interests as they appeared in the foreclosure action. See *Eugene Steinberg Co.* v. *Zalcmanis,* supra. So, too, the Radways' interest in the action to quiet title was subject to the interests of the defendants in that action as manifested by the defendants' timely and duly recorded encumbrances.

The trial court's conclusions are supported by the evidence and we cannot say that its conclusions were clearly erroneous. See *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980); Practice Book § 3060D.

There is no error on either appeal.

In this opinion the other judges concurred.