FRANCIS T. ZAPPONE COMPANY *v.*
JOAN M. MARK ET AL.
(12337)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued March 14—decision released August 27, 1985

*Ross T. Lessack,* with whom, on the brief, was *Edward T. Dodd, Jr.,* for the appellant-appellee (defendant Howard T. Brennan).

*Richard Bruno,* for the appellee-appellant (plaintiff).

SANTANIELLO, J. The defendant Howard T. Brennan, having been found jointly liable with the defendant Sara Kramer to the plaintiff in the amount of $30,000 pursuant to a promissory note between the parties, has appealed to this court. On appeal he claims that the court erred in concluding that: (1) the promissory note, executed to secure a real estate commission, was enforceable without the written listing agreement being produced at trial; (2) the mere execution of a bond for deed without transfer of title entitled the plaintiff to a real estate commission; and (3) the plaintiff produced an able buyer thereby entitling the plaintiff to a real estate commission. The plaintiff has cross appealed from the trial court's failure to award attorney's fees.

The underlying facts, set forth in the trial court's memorandum of decision, are essentially undisputed. The plaintiff, Francis T. Zappone Company, is a Connecticut corporation located in Waterbury. It performed services as a real estate broker. The defendant Brennan hired the plaintiff to act as broker for a sale of his property located in Waterbury. The plaintiff negotiated a sale of the building to the defendants Mark[1] and Kramer for a purchase price of $286,000.

---

[1] The plaintiff's claim against the defendant Joan Mark was barred by virtue of the fact that Mark was discharged in bankruptcy on April 11, 1980.

Brennan agreed to pay a real estate commission of $28,000 on the sale and paid $8000 towards the commission. The buyers, Mark and Kramer, became jointly liable with Brennan for the commission owed to the plaintiff. Brennan gave Mark and Kramer a bond for deed which provided that the seller would give the buyers a warranty deed when the buyers had fully performed the sales agreement. Mark and Kramer paid $1000 to Brennan on delivery of the bond for deed, and all three signed a note to the plaintiff for $20,000, which represented the balance of the broker's commission due.

The listing agreement was not offered in evidence or made available to the trial court until after the trial. The plaintiff testified that there was a listing agreement setting forth the terms of the transaction. Brennan acknowledged the existence of the listing agreement and that it called for the plaintiff to produce a ready, willing and able buyer. The court found that an enforceable agreement had been entered into between Brennan, Mark and Kramer, and found for the plaintiff on the note in the sum of $20,000 plus interest. Brennan thereupon moved to open the judgment and offered the listing agreement as a supporting exhibit. The trial court accepted the listing agreement as an exhibit and thereafter the court refused to open the judgment further so as to allow Brennan to reargue his position including the amount of the commission.

Brennan's first claim on appeal is that the trial court erred in concluding that the promissory note, executed to secure a real estate commission, was enforceable without production of the written listing agreement at trial. "[A]n action to recover a commission arising out of a real estate transaction cannot be maintained unless there is a written contract or authorization expressing the underlying agreement." *Seaman* v. *King Arthur Court, Inc.*, 35 Conn. Sup. 220, 222–23, 404 A.2d 908

(1979); see General Statutes § 20-325a (b). Brennan concedes that there was a listing agreement, properly executed, which complied with all the formal requirements of General Statutes § 20-325a (b). He contends that, because the listing agreement upon which the note was based was not introduced at trial, the court erred in finding the note valid. The court made a finding of fact that there was an enforceable agreement entered into by and between all three original defendants. Although the agreement was not offered in evidence or made available to the court during the trial, it was made an exhibit by Brennan before the conclusion of the case when he filed a motion to open the judgment. This introduction of the listing agreement as an exhibit cured any defect that may have existed as a result of the plaintiff's failure to introduce the agreement at the actual trial.

Brennan's second claim is that the trial court erred in concluding that the execution of a bond for deed, without the actual passing of title, entitled the plaintiff to a real estate commission. " 'Under the doctrine of equitable conversion . . . the purchaser of land under an executory contract is regarded as the owner, subject to the vendor's lien for the unpaid purchase price, and the vendor holds the legal title in trust for the purchaser. 55 Am. Jur. 782 [Vendor and Purchaser § 356]. The vendor's interest thereafter in equity is in the unpaid purchase price, and is treated as personalty; *Bowne* v. *Ide,* 109 Conn. 307 [147 A. 4 (1929)]; while the purchaser's interest is in the land and is treated as realty. 18 C.J.S. 49 [Conversion § 9].' *Cooper* v. *Polayes,* 19 Conn. Sup. 353, 354–55, 113 A.2d 599 (1955)." *Society for Savings* v. *Bragg,* 38 Conn. Sup. 8, 13–14, 444 A.2d 919 (1981). "A broker has fully performed his task when he brings the parties to an enforceable agreement." *Walsh* v. *Turlick,* 164 Conn. 75, 80, 316 A.2d 759 (1972). If, "without any fraud, con-

cealment, or other improper practice on the part of the broker, the principal accepts the person presented . . . upon the terms . . . proposed . . . and enters into a binding and enforceable contract with him for the purchase of the property, the commission is fully earned." *Meagher* v. *Reeney,* 96 Conn. 116, 118, 113 A. 169 (1921).

In this instance, the plaintiff was retained by Brennan to seek out and find a purchaser for his property. It satisfactorily performed the contract by producing the prospective purchasers Mark and Kramer. A purchase price and real estate commission were fully agreed upon by all the defendants. At that time, a bond for deed was entered into by and between all the defendants setting forth the respective obligations of each party and establishing the plaintiff company's real estate commission, upon which a down payment of $8000 was paid, leaving a balance of $20,000 due and payable.

Brennan claims that there was no transfer of the property entitling the plaintiff to its commission because the listing agreement states that a commission is due "upon the sale, exchange or transfer, or upon the exercise of any option to purchase . . ." and none of the conditions of that specific agreement has been fulfilled. We disagree. A binding sales agreement such as a valid bond for deed passes equitable title, under the doctrine of equitable conversion, upon its execution. *Cooper* v. *Polayes,* supra. The parties are bound from that instant and the formal transfer of "paper" title can occur at some future date.

Brennan's third claim is that the trial court erred in concluding that the plaintiff produced an able buyer, thereby entitling the plaintiff to a real estate commission. The plaintiff brought together all the defendants to discuss the terms and conditions of the proposed sale. All parties had equal access to information regarding

the buyers' financial ability. Both the buyers and the seller were represented by legal counsel who furnished legal advice to their clients on the basis of the same information available to the plaintiff. There is nothing in the record that indicates any fraud by the plaintiff in its representation of the buyers' finances. On the basis of all of the information before the parties, and after being advised by counsel, the defendants entered into a bond for deed. Thereafter, the buyers took control of the property, managed it, made policy decisions, advanced mortgage payments, and generally exercised dominion and control over it for approximately thirteen months. It was then that the buyers decided that they would be unable to succeed financially in their investment and returned the keys to the building to Brennan. Taking into consideration all factors revealed prior to sale, the legal representation afforded to Brennan, and the willingness of the buyers to undertake the apparent challenge of managing the subject property towards profitability, the trial court was correct in finding that there was a valid bond for deed entered. The record is devoid of any evidence to support Brennan's contention that the buyers, at the time of the sale, were unable to perform. The burden of proof in this instance is on the party affirmatively alleging lack of financial ability. *Walsh* v. *Turlick,* supra, 82. Brennan has failed to meet this burden.

On October 23, 1978, Brennan filed a cross complaint asking for the return of the $8000 which he had previously paid to the plaintiff. In view of our conclusion that the plaintiff is entitled to receive the entire broker's commission, the judgment of the trial court in favor of the plaintiff on the cross complaint is affirmed.

The plaintiff has cross appealed from the trial court's failure to award attorney's fees. There was an allegation in the complaint that "there is presently due and owing the sum of $20,000 together with interest, costs

and reasonable attorneys fees." However, there was no specific claim for attorney's fees in the prayer for relief. In addition no evidence was produced at the hearing. The plaintiff did not request attorney's fees during the trial or during the postjudgment hearing. It made no attempt to bring the issue before the trial court. In the absence of any claim for attorney's fees in the prayer for relief, and without any offer of evidence during the trial, the trial court did not err in not making such an award.

There is no error on either appeal.

In this opinion the other judges concurred.