STONE AND STONE PENSION PLAN *v.*
MELVIN ALSTON, JR., ET AL.
(4638)

SPALLONE, STOUGHTON and NORCOTT, Js.

Argued October 14—decision released December 1, 1987

*Gerald H. Kahn,* for the appellants (named defendant et al.).

*Jonathon J. Einhorn,* for the appellee (plaintiff).

STOUGHTON, J. This is an appeal from a judgment of strict foreclosure and from a judgment in favor of the plaintiff on the defendants'[1] counterclaim. The plaintiff held, by virtue of an assignment from the mortgagee, a first mortgage on certain real property owned by the defendants. The defendants defaulted on their payments, and the plaintiff instituted a foreclosure action. The defendants admitted execution of the mortgage deed and note, but they denied their indebtedness. They also counterclaimed, alleging that the plaintiff did not prove the information required to be disclosed by 15 U.S.C. §§ 1601 et seq. and by General Statutes (Rev. to 1981) §§ 36-393 through 36-417 and the regulations promulgated thereunder. They sought, in their coun-

---

[1] Leo Hirschhorn, the predecessor in interest to the defendants Melvin and Hilda Alston, was named as a defendant because of a mortgage deed and a notice of lis pendens which were recorded on the land records. Those claimed interests were subsequent to the plaintiff's mortgage. As used in this opinion, the term defendants refers to the Alstons only.

terclaim, damages and a declaration that the mortgage transaction was null and void. From the judgment for the plaintiff, the defendants appeal. They claim that the court erred in finding (1) that a bond for deed transaction did not constitute an initial purchase, (2) that the mortgage being foreclosed was not a refinancing, (3) that the mortgage being foreclosed was not subject to federal or state truth-in-lending provisions, and (4) that the defendants did not have a right to rescind the mortgage under federal or state truth-in-lending laws.

The facts in this case are not in dispute. In March of 1976, the defendants and Leo Hirschhorn signed a bond for deed under the terms of which the defendants agreed to purchase certain real property from Hirschhorn for the sum of $20,900. The defendants made a down payment of $900, moved into the house and began making monthly payments in accordance with a twenty year payment schedule. At that time, the defendants were not able to qualify for a mortgage. They expected, however, that at some time they would get a mortgage from a bank or other lending institution. By the terms of the bond for deed, the defendants agreed to pay Hirschhorn, in addition to the stipulated monthly payments against the purchase price, monthly payments which would cover the annual taxes, assessments, water charges and fire and liability insurance premiums. The defendants agreed to execute a quitclaim deed to Hirschhorn to be held in escrow by his attorney which would release any lien created by the bond for deed in the event of a default by the defendants. The defendants were given the right to take possession of the premises, and Hirschhorn agreed to convey the premises to them by warranty deed upon payment of the full purchase price. The bond for deed was never recorded.

In 1981, because Hirschhorn desired to have the remaining amount due paid off, the defendants con-

tacted First Mortgage Trust and arranged for a mortgage loan. On August 11, 1981, Hirschhorn executed a warranty deed in favor of the defendants, and the defendants executed a note for $25,000 secured by a mortgage on the premises. The mortgage was then assigned by First Mortgage Trust to the plaintiff. The defendants defaulted in their mortgage payments, and a foreclosure action was begun by complaint dated February 1, 1983, and filed on February 15, 1983. On February 24, 1983, the defendants executed a notice of rescission.

The federal and the Connecticut truth-in-lending laws are identical insofar as disclosure requirements are concerned. Under federal truth-in-lending laws, Connecticut enjoys a partial exemption from federal jurisdiction as long as Connecticut's disclosure requirements are the same as the federal requirements. 15 U.S.C. § 1633. Section 1635 of Title 15 provides the borrower with a right to rescind any consumer credit transaction in which the lender takes a security interest in real property which serves as the borrower's residence. The creditor must disclose to an obligor his rights under this section. The section exempts, however, the creation or retention of a first lien against a dwelling to finance the acquisition of that dwelling. On August 11, 1981, the provisions regarding rescission were found in General Statutes (Rev. to 1981) § 36-402.[2] The

---

[2] General Statutes (Rev. to 1981) § 36-402 provided in pertinent part: "(a) Except as otherwise provided in this section, in the case of any consumer credit transaction in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this section and all other material disclosures required under this chapter and sections 36-97a, 42-84 and 42-87, whichever is later, by notifying the creditor, in accordance with regulations of the commissioner, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accord-

defendants were not provided with disclosure of the right of rescission, although other required disclosures were made. They claim that disclosure was required and the plaintiff claims that the transaction was exempt.

The claim of the defendants is that they acquired an interest in the property under the bond for deed and that the 1981 mortgage loan was a refinancing and therefore not exempt. There is no doubt that the defendants did acquire an interest in the property under the bond for deed. They obtained equitable title under the doctrine of equitable conversion. Further, a valid bond for deed binds the parties. *Francis T. Zappone Co. v. Mark,* 197 Conn. 264, 268, 497 A.2d 32 (1985). They did not, however, acquire the property. The agreement was a long term sales contract in which the buyers went into possession and the seller retained full right, title and interest in the property. *Country Lumber, Inc. v. Newington Builders Finish Co.,* 4 Conn. App. 589, 591, 495 A.2d 1121 (1985); *Eugene Steinberg Co. v. Zalcmanis,* 38 Conn. Sup. 452, 454, 450 A.2d 1170 (1982). The defendants did not acquire the property from Hirschhorn in 1976. They did not borrow anything from Hirschhorn at that time. The mortgage loan in 1981 was for the purpose of acquiring the property and was not a refinancing. Therefore, the transaction was exempt from the disclosure requirements of General Statutes (Rev. to 1981) § 36-402.

There is no error.

In this opinion the other judges concurred.

---

ance with regulations of the commissioner, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the commissioner, an adequate opportunity to the obligor to exercise his right to rescind any transaction subject to this section. . . . (e) This section does not apply to the creation or retention of a first lien against a dwelling to finance the acquisition of that dwelling or to a consumer credit transaction in which an agency of a state is the creditor."