[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Because the complaint claims a real estate commission, but fails to allege the existence of a written listing contract per Connecticut General Statutes 20-325a, the entire complaint must be stricken for failure to state a claim upon which relief can be granted. Morris v. Hartford Courant Co., 200 Conn. 676, CT Page 1693 684 (1986).
The first count of the complaint alleges that on May 21, 1986 the plaintiff was employed by Arthur Goldblatt to provide brokerage services in the sale of real estate owned by Arthur Goldblatt located at 105 Richards Avenue, Norwalk, Connecticut, and further alleges that pursuant to the plaintiff's agreement with Arthur Goldblatt, the plaintiff was to receive 10% of the sale price as a real estate commission. The complaint does not allege that plaintiff had a written agreement; nor is there any written agreement annexed to the complaint.
On May 29, 1986, the defendants, along with Martin Wolf, entered into an agreement to purchase the subject property from Arthur Goldblatt for $500,000. On July 21, 1986 they agreed to assume Arthur Goldblatt's obligation to pay the $60,000 real estate commission that he owed to the plaintiff. That agreement has been annexed to the complaint. (Exhibit C) There is no question but that the $60,000 was deemed to be the brokerage commission. Id.
It appears undisputed that Connecticut General Statutes20-325a[1] requires that any brokerage contract be in writing. Del Greco Realty Co. Inc., v. Lamoureaux, 39 Sup. 95 (1983); Seaman v. King Arthur Court, Inc., 35 Conn. Sup. 220 (1979). It seems equally clear that the same statute requires that the written contract must precipitate the services rendered. Id. at 223; Howland v. Schweir, 7 Conn. App. 709, 714 (1986). There was no listing agreement in effect when the contract for purchase of the realty was executed on May 29, 1986. Moreover, the agreement, annexed to the complaint as Exhibit "C" dated July 21, 1986 does not meet the requirements of 20-325a(b)[2]. Therefore, the plaintiff's claim in count one of the complaint cannot be sustained as it is clearly a claim for compensation for acts done as a realtor without a preexisting written contract conforming to the statutory mandates. Dow Condon, Inc. v. Robert H. Anderson, 203 Conn. 475, 480 (1987).
Although the plaintiff goes to great lengths to remove this case from the realms of what it truly is, as Gertrude Stein once wrote, "a rose is still a rose is still a rose." The only consideration for the $60,000 fee was for services as a real estate broker. There is nothing in its supplemental brief that persuades this court that the fee in question was anything other than a brokerage commission, particularly in light of the specific language in Exhibit C. Finally, that the plaintiff is suing the buyers of the subject property (who assumed Arthur Goldblatt's debt which originated by virtue of an oral agreement) and not its sellers is a distinction without a difference. See 20-325a(b). CT Page 1694
The second count of the information must be similarly stricken. The Appellate Court in Currie v. Marano, 13 Conn. App. 527,530 (1988) makes it abundantly clear that a claim for unjust enrichment cannot be utilized as a means of circumventing mandatory language of C.G.S. 20-325a(b); see also Seaman v. King Arthur Court, supra, at 22-24 and Good v. Paine Furniture Co., 35 Conn. Sup. 24, 27-28 (1978). Unfortunately, "a broker who does not follow the mandate of the statute, does so at his peril." Howland v. Schweir, supra at p. 714; and Currie v. Marano, supra at 28.
Finally, because the second count has been incorporated into the third count as a basis for a CUTPA claim, this last count is also fatally flawed.
All these counts, as drafted, pertain to a brokerage agreement that was not reduced to writing prior to the services being performed. As such, the motion to strike is granted for the aforementioned reasons.[3]
KATZ, J.