[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking for the foreclosure of a mortgage and other relief. It is in two counts.
In the first count, the plaintiff alleges that her decedent owned a residential dwelling in Beacon Falls; that the defendant became a tenant in the premises under a Bond for Deed, conditional on the performances of certain conditions and covenants; that she failed to comply with these terms and conditions including the payment of regular installments of money, the payment of taxes, maintenance of property insurance among other matters, that the plaintiff notified the defendant of default and requested full payment and that the plaintiff gave the defendant notice to quit the premises and that the defendant has neglected to do so.
In the second count, the plaintiff alleges that the defendant entered into a Bond for Deed with the plaintiff's decedent CT Page 2792 concerning the premises by which the plaintiff's decedent promised to sell the premises to the defendant for $35,000 to be paid by monthly installments, that the Bond for Deed served as a mortgage between the plaintiff's decedent and the defendant, that the defendant failed to pay the installments of principal and interest as due, to pay taxes in a timely manner and to maintain property insurance as required, that the plaintiff's decedent and his estate have declared the remaining balance of the purchase amount due, and that the defendant has failed to pay said balance.
The claims of relief were as follows:
1. Foreclosure of said mortgage.
2. Immediate possession.
3. Costs.
4. Recovery of the rents and profits the defendant may have received from the mortgage premises while in default of the mortgage.
5. Any and all other relief the court may award.
The Bond for Deed on which this action is premised is dated August 3, 1981. It was made between Walter Onopiake, the plaintiff's decedent as the seller, and the defendant as the buyer. It concerned a piece of land with the buildings and improvements thereon located at No. 132 North Main Street, Beacon Falls, Connecticut. The defendant agreed to pay the seller $35,000 with interest at 10% on so much of the principal as remained unpaid. The payments were to be made monthly in successive payments of $367.12 on the third day of each successive month and the entire amount with any accrual interest shall be payable on July 3, 1996. On the execution of the Bond for Deed, the seller agreed to execute and deliver to James W. Walsh as escrow agent a fully executed warranty deed to be delivered to the defendant on payment in full by her. In the event of default by the defendant, Article V, Sec. 5.01 of the Bond for Deed governed by situation. Subsections (c) and (d) of Sec. 5.01 read:
 (c) If the Seller shall exercise his option to accelerate payment in full of the unpaid balance of the Price, Seller may tender a deed to the Buyer in accordance with the terms of this Agreement and thereafter institute suit for the unpaid balance of the Price and/or Seller may institute an action in the nature of a foreclosure to foreclose the Buyer and anyone claiming through, by or under him of the Buyer's interest in the Premises, including any equity of redemption that CT Page 2793 the Buyer may have respecting the Premises.
 (d) The status of the Buyer with respect to the Premises from, on and after the date upon which the unpaid balance of the price is declared to be due and payable by the Seller shall be that of month-to-month tenants, and Buyer consents to the bringing of a summary process, so called, by Seller against the Buyer with respect to the Premises without the necessity of service of a notice to quit possession; and/or the Seller may in conjunction with any action brought in the nature of a foreclosure request that the Court grant and restore the Seller to possession of the premises.
The plaintiff claims that the defendant is in default on the monthly payments and has asked for "foreclosure of said mortgage".
The courts have discussed the legal effect of a Bond for Deed similar to the one in question in many cases. In Francis J. Zappone Co. v. Nork, 197 Conn. 264 at page 267 the court said:
 "Under the doctrine of equitable conversion . . . the purchaser of land under an executory contract is regarded as the owner subject to the vender's lien for the unpaid purchase price, and the vendor holds the legal title in trust for the purchaser. . . . The vender's interest thereafter in equity is in the unpaid purchase price and is treated as personalty . . . while the purchaser's interest is in the land and is treated as realty."
Other cases also holding that the seller's interest in the property sold is a lien in equity for the unpaid purchase price are Fidelity Trust Co. v. BVD Associates, 196 Conn. 270, 282; Stone and Stone Pension Plan v. Alston, 12 Conn. App. 670, 674; Cooper v. Polages, 19 Conn. Sup. 353, 354.
In Hansel v. Hartford-Connecticut Trust Co., 133 Conn. 181
at 194, the court set out the procedure for a seller to enforce his equitable lien. It stated:
 An equitable lien creates merely a charge upon the property and when the person entitled to it is not in possession of that property, he has no right to obtain possession from another unless by virtue of some authority to do so expressly granted to him; his remedy to enforce the lien is by a proceeding in equity to bring about its sale and the application of the proceeds to the satisfaction of the obligation secured, or, in some other manner, by order of the court, to make the property available for the discharge of that debt.
CT Page 2794
Under the above circumstances the plaintiff's claim in the Second Count that her cause of action is for the foreclosure of a mortgage is erroneous.
Also under the same circumstances, the plaintiff's claim in the First Count that the defendant became a tenant in the premises under the Bond for Deed is also erroneous. Under the law of equitable conversion set out above the defendant is the owner of the land subject to the plaintiff's lien for the unpaid purchase price. The defendant could not be a tenant of her own property. So the plaintiff's claim that she is entitled to immediate possession and occupancy of the property by a summary process action is erroneous.
Judgment may enter for the defendant.
THOMAS J. O'SULLIVAN TRIAL REFEREE