[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FROM JURY DOCKET (#172) AND MOTION FOR SUMMARY JUDGMENT (#174)
The plaintiff, the Bank of New Haven, filed a foreclosure action January 17, 1991 against Jennith Liner. Other named defendants who have an interest in the mortgaged premises include: Peter Minore, People's Bank, and Connecticut National Bank. On April 15, 1991, the court granted the plaintiff's motion to cite in party defendant, Sheldon Liner, Jennith Liner's husband, who claims an interest in the mortgaged premises by virtue of a leasehold interest.
On May 9, 1991, the plaintiff filed an amended one count complaint alleging that Jennith Liner defaulted on a $170,000 note and mortgage. The plaintiff seeks immediate possession of real property through strict foreclosure, reasonable monthly payments of the amounts due under the note, a deficiency judgment, the appointment of a receiver of rents, and such additional relief as the plaintiff may been entitled to at the time of judgment. CT Page 9901
On September 23, 1991, the court granted the plaintiff's motion for judgment of strict foreclosure against Jennith Liner. On October 27, 1991, the court granted the plaintiff's motion to reopen the judgment of strict foreclosure for the purposes of substituting Virtue Realty Ltd. ("Virtue Realty") as plaintiff and for allowing the defendants to present defenses to this action.
On November 19, 1992, the Liners, who are representing themselves pro se, filed an amended answer with eight special defenses and a seven count counterclaim. On April 12, 1993, the court granted the plaintiff's motion to strike all the special defenses except special defense six alleging an unconscionable rate of interest. Also, the court granted the plaintiff's motion to strike counts four, five, six and seven of the counterclaim.
On April 14, 1993, the Liners filed four revised special defenses. In the first special defense, the Liners allege fraud. In the second special defense, the Liners allege breach of contract in that the plaintiff misrepresented the interest rate and charged an unconscionable rate of interest. In the third special defense, the Liners allege "fraud in the making of the mortgage." In the final special defense (labeled special defense six), the Liners allege that the plaintiff "intentionally charged an unconscionable rate of interest and failed to lower the interest rate in a timely manner when the occasion arose."
On April 14, 1993, the Liners also filed a five count revised counterclaim. In count one, the Liners allege a claim of fraud. In count two, the Liners allege a claim of breach of contract in that the plaintiff charged an unconscionable interest rate. In count three, the Lines [Liners] allege a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes 42-110a et seq. In count four, the Liners allege that the Bank of New Haven's failure to disclose the interest rate and its denial of the Liners' right to rescind the transaction constituted a violation of the Truth-in-Lending Act, 15 U.S.C. § 1635. In the final count (labeled count seven), the Liners plead a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961
et seq. In their prayer for relief, the Liners request a trial by jury and compensatory and punitive damages. CT Page 9902
On June 21, 1993, the plaintiff filed a motion to strike from the jury docket and a motion for summary judgment on the revised special defenses and counterclaim. The plaintiff filed a supplemental memorandum of law on July 20, 1993.
On July 16, 1993, the Liners filed an objection to the motion to strike from the jury docket and an objection to the motion for summary judgment on the revised special defenses and counterclaim. The Liners filed a supplemental memorandum of law on July 28, 1993.
I. MOTION TO STRIKE FROM THE JURY DOCKET
A party can move that a case be stricken from the jury docket by a motion to strike. See Falk v. Schuster, 171 Conn. 5,7, 368 A.2d 40 (1976). In ruling on the motion to strike, the court is limited to the facts alleged in the pleadings and must construe those facts in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988).
The plaintiff filed a motion to strike from the jury docket for the reason that there is no right to a jury trial in a foreclosure action, even if the defendants raise legal issues in their special defenses and counterclaim. In the alternative, the plaintiff requests that the court sever the equitable claims from the legal claims, so that the trial court can expeditiously resolve the equitable claims. In opposition, the Liners argue in their memorandum of law that the court should not strike the case from the jury docket because they are entitled to a jury trial on the legal claims raised in their special defenses and counterclaim.
. . .
The Connecticut Supreme Court has set forth the standards used to determine whether a party is entitled to a trial by jury as follows:
 The constitution of Connecticut, article first, 19, states that "[t]he right of trial by jury shall remain inviolate." This particular provision of our constitution has been consistently construed by Connecticut courts to mean that if there was a right to trial by jury at the time of the adoption CT Page 9903 of the provision, then that right remains intact.
Skinner v. Angliker, 211 Conn. 370, 373-74, 559 A.2d 701
(1989).
"An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that justice may be done between the parties." Hartford Federal Savings Loan Assn. v. Tucker,196 Conn. 172, 175, 491 A.2d 1084 (1985). "Where incidental issues of fact are presented in an [equitable action], the court may determine without a jury in the exercise of its equitable powers." United States Trust Co. v. Bohart,197 Conn. 34, 45, 495 A.2d 1034 (1985). A defendant cannot by the assertion of defenses and counterclaims which are "legal" in nature, convert a foreclosure case from its essential equitable nature to a legal cause of action thereby requiring a jury trial. Savings Bank of New London v. Santaniello,130 Conn. 206, 211, 133 A.2d 126 (1943).
Although the Liners raise legal claims in their special defenses and counterclaim, the plaintiff's foreclosure action is essentially equitable in nature. See Savings Bank of New London v. Santaniello, supra, 211. The court grants the plaintiff's motion to strike form the jury docket.
II. MOTION FOR SUMMARY JUDGMENT
A motion for summary judgment should be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990); Practice Book 384. "The burden of establishing the absence of a genuine issue of fact and the entitlement to recovery as a matter of law lies with the moving party." Zapata v. Burns,207 Conn. 496, 502, 542 A.2d 700 (1988). The test for deciding whether to grant a motion for summary judgment "is whether a party would be entitled to a directed verdict on the same facts." Connelly v. Housing Authority, 213 Conn. 354,364, 567 A.2d 596 (1969).
A. SPECIAL DEFENSES
The plaintiff filed a motion for summary judgment on CT Page 9904 special defenses one, two, and three. With regard to the first special defense, the plaintiff argues that it is legally insufficient to state a claim of fraud. According to the plaintiff, the second special defense is legally insufficient to state a claim of breach of contract. Finally, the plaintiff argues that the third special defense is legally insufficient to state a claim of "fraud in the making of a mortgage."[1]
In their memorandum of law, the Liners argue that the court should deny the motion for summary judgment on the ground that there are genuine issues of material fact as to whether the plaintiff breached its duty of good faith in negotiating the mortgage.
"Under Practice Book 379, summary judgments apply to actions, counterclaims and cross-complaints and there are no provisions for the entry of a summary judgment with respect to a special defense." Centerbank f/k/a The Banking Center v. Silvermine Land Investment Corp., 8 Conn. L. Rptr. 61 (January 11, 1993, Lewis, J.); Conlam, Inc. v. Heritage Kitchens, Ltd.,6 Conn. L. Rptr. 406 (May 13, 1992, Flynn, J.); H.R. Hillary Co. v. Crystal Mall Associates, 2 CSCR 324 (February 11, 1987, Koletsky, J.); but see, People's Bank v. BMI Industries, Inc.,3 CSCR 450 (April 26, 1988, Hennessey, J.) (the court allowed a motion for summary judgment to challenge the legal sufficiency of a special defense.) Under Practice Book 152(5), however, "[a] motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action," Passini v. Decker,39 Conn. Sup. 20, 21, 467 A.2d 442 (Super.Ct. 1983).
A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense. Accordingly, the court denies the plaintiff's motion for summary judgment on the defendants' first, second, and third special defenses. See Benjamin v. Nunes, 9 Conn. L. Rptr. 143
(June 21, 1993, McDonald, J.) (summary judgment may not be granted on a special defense.)
B. COUNTERCLAIM
The plaintiff filed a motion for summary judgment on counts four, five, six, and seven of the revised counterclaim filed April 14, 1993.[2]
CT Page 9905
COUNT FOUR
In count four, the Liners allege that the Bank of New Haven's failure to disclose the interest rate and its denial of the Liners' right to rescind the transaction constituted a violation of the Truth-in-Lending Act, 15 U.S.C. § 1635.
The plaintiff argues in its memorandum of law that the Truth-in-Lending Act does not apply in this case because the Act only applies to consumer loans. The plaintiff maintains that Jennith Liner entered into a commercial loan and mortgage as shown by a copy of the note and mortgage deed attached to the complaint. Therefore, as a matter of law, the plaintiff urges the court to grant summary judgment on count four of the revised counterclaim.
The Liners maintain that the court should deny summary judgment on count four on the ground that there are genuine issues of material fact regarding the plaintiff's duty of good faith in negotiating the note and mortgage.
"The federal and the Connecticut truth-in-lending laws are identical insofar as the disclosure requirements are concerned. Under federal truth-in-lending laws, Connecticut enjoys a partial exemption from federal jurisdiction as long as Connecticut's disclosure requirements are the same as the federal requirements." Stone Stone Pension Plan v. Alston,12 Conn. App. 670, 673, 538 A.2d 898 (1987); see 15 U.S.C. § 1633.
 The primary public policy underlying the [Truth-in-Lending] Act is to promote the informed use of consumer credit. 12 C.F.S. 226.1(b). Title 15 of the United States Code, 1061(a) states in relevant part that `the purpose of the [Truth-in-Lending] Act is to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.'
Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80, 107,612 A.2d 1130 (1992). CT Page 9906
The Truth-in-Lending Act, 15 U.S.C. § 1635(a), which deals with the right of rescission as to certain transactions, provides in pertinent part:
 (a) Disclosure of obligor's right to rescind. Except as otherwise provided in this section, in the case of any consumer credit transaction in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this chapter [15 U.S.C. § 1631 et seq.], whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.
The adjective `consumer', used with reference to a credit transaction, characterizes the transaction as one in which "the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, household, or agricultural purposes." 15 U.S.C. § 1602(h).
In the present case, Jennith Liner entered into a note which expressly certifies that this is a commercial transaction. Also, Jennith Liner held a "commercial mortgage deed" on her property. The Liners argue in their memorandum of law, however, that Jennith Liner entered into a consumer loan because the property is residential, not commercial. Also, the defendants argue that the plaintiff failed to disclose that this was a commercial mortgage on her property.
There are genuine issues of material fact as to whether Jennith Liner entered into a "consumer credit transaction" pursuant to the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. Accordingly, the court denies the motion for summary judgment on count four of the counterclaim.
COUNT SEVEN CT Page 9907
The plaintiff argues that the court should grant summary judgment on count seven of the counterclaim because count seven is legally insufficient to state a RICO claim.
In response, the Liners agree that the court should deny the motion for summary judgment for the reason that a motion to strike, not a motion for summary judgment, is the proper manner to test the legal sufficiency of the counterclaim.
The motion for summary judgment is designed to "test for the presence of contested factual issues." Burke v. Avitabile, 32 Conn. App. 765, 722, ___ A.2d ___ (1993). "The burden of establishing the absence of a genuine issue of fact and the entitlement to recovery as a matter of law lies with the moving party." Zapata v. Burns, 207 Conn. 496, 502, 542, A.2d 700 (1988).
In the present case, the plaintiff, as the movant, failed to meet his burden of establishing the absence of a genuine issue of fact and the entitlement to recovery as a matter of law pursuant to Practice Book 379 et seq. In support of its motion for summary judgment, the plaintiff submitted a memorandum of law which does not demonstrate the absence of a genuine issue of fact and the entitlement of recovery as a matter of law. There are genuine issues of material fact as to the plaintiff's actions constituted racketeering activity pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Therefore, the court denies the plaintiff's motion for summary judgment on count seven of the defendant's counterclaim.
The Court
By Curran, J.