[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff has brought this action seeking a declaratory judgment and other relief in which it is requesting a determination as to its status under certain documents filed in connection with the development of a parcel of land located in Hamden, Connecticut. CT Page 11137
The defendants are owners of property within or contiguous to said parcel and as such have certain rights under the documents referred to and as alleged in the plaintiff's complaint.
The Motion to Dismiss as filed by the defendants claims the court lacks jurisdiction of the subject matter as (1) there is no controversy extant between the parties (2) there are no adverse interests (3) that the court is not able to adjudge any matters not in controversy and (4) that no practical relief can be ordered by the court. The defendants claim that the allegations of a controversy is a matter in futuro, that none exists at this time and may never in fact come to pass and for that reason this action is at best premature.
In opposition to the motion the plaintiff claims it has met the necessary prerequisites to commence a declaratory judgment action inasmuch as it is a contract vendee to purchase property which may be subject to the terms and conditions of agreements regarding the parcels to be developed.
The Connecticut Practice Book in section 389 sets out the authority and obligation of the court to render declaratory judgments "and as to the existence or non-existence (a) of any right, power, privilege or immunity or (b) of any fact upon which the existence of such right, power . . . does or may depend . . . whether such right, power . . . now exists or will exist in the future. Section 390 Connecticut Practice Book provides that a declaratory judgment will not be granted unless the complainant has an interest, legal or equitable by reason of danger of loss or uncertainty to his rights or (b) unless there is, inter alia, substantial uncertainty of legal relations which require settlement between the parties. There are several principles of law regarding declaratory judgments which the court must bear in mind and considering such a motion as has been filed by the defendants in this matter, one of which is that the pleadings must be viewed in a manner most favorable to the complainant. Reynolds v. Soffer,183 Conn. 67, 68.
Here the plaintiff has alleged that it may be subject to certain terms and conditions if it proceeds to consummate the contract to buy the property in question and consequently uncertainties arise which cannot be determined short of an adjudication of the issues of the court. It appears that the plaintiffs have an equitable and legal interest in the property by virtue of the executory agreement as alleged in the complaint. See CT Page 11138 Francis T. Zappone Co. v. Mark, 197 Conn. 264, 267. It also appears that the plaintiff has established by his pleadings that a colorable claim of injury may be sustained if it proceeds without a preliminary determination of its status under the declarations. Connecticut Assn. of Health Care Facilities Inc. v. Worrell,199 Conn. 609, 613.
Accordingly, it appears to the court that the plaintiff has standing to proceed with the action, and that the court has jurisdiction under the prerequisites cited in the appropriate sections of Practice Book and the Motion to Dismiss is denied.
George W. Ripley, Judge