CHRISTOPHER REYNOLDS ET AL. *v.* JOSEPH SOFFER ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued November 14, 1980—decision released January 27, 1981

*Roger J. Frechette,* with whom, on the brief, was *Howard D. Zoarski,* for the appellants (plaintiffs).

*Roger Sullivan,* for the appellees (defendants).

COTTER, C. J. The plaintiffs' amended complaint states the following allegations which are pertinent to a disposition of this appeal. The plaintiffs own a tract of land upon which they are constructing numerous one-family houses. The defendants operate a poultry business on land which abuts the plaintiffs' property. Buildings that do not conform to the zoning regulations of the town of Branford are located on the defendants' property, less than fifty feet from the plaintiffs' property line. In April, 1979, the defendants began enlarging and altering the nonconforming buildings in violation of both the zoning regulations and the building code of the town. The plaintiffs further allege that the defendants' acts constitute a nuisance which adversely affects the plaintiffs' property, decreases its value, increases the risk of fire and other dangers, specifically endangering health as a result of rodents migrating from the defendants' property during the construction and noise, odors, pollution, and disease-causing substances discharged from a new ventilating system. The plaintiffs ask for an injunction.

The defendants filed a motion to dismiss the action "because the plaintiffs have failed to exhaust their administrative remedies and therefore lack standing to bring" the action. The plaintiffs appealed from the judgment granting the motion and dismissing the action.

When a court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. *Wildman* v. *Wildman,* 72 Conn. 262, 270, 44 A. 224 (1899).

The uncontroverted allegations including that of a purported nuisance[1] contained in the amended complaint come within the ambit of cases such as *Karls* v. *Alexandra Realty Corporation,* 179 Conn. 390, 401, 426 A.2d 784 (1980), in which we held that "[a]ny person specifically and materially damaged by a violation of the zoning ordinances which has occurred or is likely to occur on another's land may seek injunctive relief restraining such violation. *Blum* v. *Lisbon Leasing Corporation,* 173 Conn. 175, 180, 377 A.2d 280 [1977]; *Fitzgerald* v. *Merard Holding Co.,* 106 Conn. 475, 482, 138 A. 483 [1927]; see also, 3 Rathkopf, The Law of Zoning and Planning (4th Ed.) c. 66."

Furthermore, in *Bianco* v. *Darien,* 157 Conn. 548, 553-55, 254 A.2d 898 (1969), an action to restrain a town from interfering with the operation of a garbage collection facility on private premises, we refused to apply the rule that when a party has a statutory right of appeal from the decision of an administrative officer or agency he may not bring an independent action to test the very issue which the appeal was designed to test. We there stated: "The relief sought and the issues raised are distinctly equitable in nature. To hold that the plaintiffs had an adequate remedy at law which required that they exhaust their administrative remedies

---

[1] In the posture of the case presented to us we need not discuss the applicability of common-law nuisance. See *Herbert* v. *Smyth,* 155 Conn. 78, 81, 83, 230 A.2d 235 (1967); *Nair* v. *Thaw,* 156 Conn. 445, 451-53, 242 A.2d 757 (1968); 58 Am. Jur. 2d, Nuisances c. VI.

before the zoning board of appeals is to ignore the claims made and the nature of the action." *Bianco* v. *Darien,* supra, 554.[2]

In *Blum* v. *Lisbon Leasing Corporation,* supra, which involved a situation comparable to this case, the plaintiffs sought directly to restrain a nonconforming use concerning which the zoning board had refused to take any official action. We followed the rule that "[i]f the plaintiffs have suffered special damages as alleged in their complaint, the court has equitable jurisdiction and may grant injunctive relief." *Blum* v. *Lisbon Leasing Corporation,* supra; see *Cawley* v. *Housing Authority,* 146 Conn. 543, 547, 152 A.2d 923 (1959).

In *Scoville* v. *Ronalter,* 162 Conn. 67, 70, 74, 291 A.2d 222 (1973), we held that owners of premises abutting property on which apartments were under construction might bring an action claiming irreparable damage and nuisance, although, when the building inspector invalidly issued building permits under a mistake of fact, they did not pursue a statutory right of appeal to the zoning board. That action sought to enjoin the building inspector and zoning enforcement officer from issuing renewal permits for apartment construction and to restrain the builders from continuing construction.

*Connecticut Mobile Home Assn., Inc.* v. *Jensen's, Inc.,* 178 Conn. 586, 424 A.2d 285 (1979), relied upon by the defendants, is inapposite. In that case the trial court properly sustained a demurrer to a prayer for declaratory relief because the real

---

[2] The court in *Bianco* v. *Darien,* 157 Conn. 548, 254 A.2d 898 (1969), distinguished the contrary rule requiring exhaustion of administrative remedies enunciated in *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 33, 193 A.2d 483 (1963).

estate commission's authority to issue a declaratory ruling on the applicability and interpretation of any statute or any regulation promulgated by it; General Statutes § 4-176; *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 356–57, 377 A.2d 1099 (1977); provided an adequate remedy. The court in *Connecticut Mobile Home Assn., Inc.* v. *Jensen's, Inc.,* supra, 594, also found that the complaint did not allege that the plaintiffs were harmed by the conduct of the defendants and thus the complaint could not support an "award of injunctive relief and permit a bypass of the administrative procedure." See *Bendell* v. *Johnson,* 153 Conn. 48, 51–52, 212 A.2d 199 (1965).

Although it does not appear in the record, the defendants state in their brief that the zoning enforcement officer refused to act upon the plaintiffs' request that he issue an order requiring the defendants to cease and desist from the work described in the complaint. We have no record knowledge of this event and thus cannot specifically rule upon it. The defendants' argument that the plaintiffs' allegations do not merit equitable and injunctive relief because the plaintiffs have not appealed from the inaction of the building inspector directly to the zoning board of appeals to prevent violations of the Branford zoning regulations and the building code, however, is without merit. *Kiska* v. *Skrensky,* 145 Conn. 28, 34, 138 A.2d 523 (1958); *Newington* v. *Mazzoccoli,* 133 Conn. 146, 156, 48 A.2d 729 (1946); *Fitzgerald* v. *Merard Holding Co.,* 110 Conn. 130, 137, 147 A. 513 (1929), cert. denied, 281 U.S. 732, 50 S. Ct. 247, 74 L. Ed. 1148 (1930). See *Jobert* v. *Morant,* 150 Conn. 584, 585, 588, 192 A.2d 553 (1963), in which we held that despite a building permit issued by the building inspector the

trial court was warranted in permanently enjoining the defendants from altering, extending or adding to buildings devoted to a nonconforming use.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion to dismiss.

In this opinion the other judges concurred.