[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
I.
The complaint in this action was filed by four named plaintiffs, and later, the case was certified as a class action by the court (Hurley, J.). The plaintiffs, approximately eighty (80) former employees of the defendant The Swanson Group, Inc., filed a two-count, third amended complaint against the defendants, The Swanson Group, Inc., Johnny Swanson, III and Ernestine Stockwell.
The first count alleges that the defendant former employer violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), by failing and refusing to pay overtime compensation and other benefits in violation of29 U.S.C. § 207.
The second count alleges that all of the defendants violated Connecticut General Statutes 31-72 and 31-76k by failing and refusing to pay the plaintiffs the health and vacation benefits and overtime wages to which they were entitled.
The defendants moved to dismiss the plaintiffs' action on the ground that this court lacks subject matter jurisdiction because the action is barred and preempted by the provisions of 29 U.S.C. § 216(c).
The defendants argue that 216(c) terminates an employee's right to bring an action against an employer in state court once the Secretary of Labor brings an action for overtime wages and fringe benefits on behalf of the same employees. The defendants attached to their motion and CT Page 1930 memorandum of law a copy of a complaint filed by the Secretary of Labor in an administrative agency proceeding before the office of Administrative Law Judges, United states Department of Labor.
The plaintiffs argue that the defendants' motion should be denied because (1) it is procedurally deficient; (2) 29 U.S.C. § 216(b) does not provide for termination of actions which have already been brought; and (3) because the terminating language of 29 U.S.C. § 216(b) is not applicable to the instant case.
 II.
A motion to dismiss tests the jurisdiction of the court. Reynolds v. Soffer, 183 Conn. 67 (1981).
The defendants essentially argue that the plaintiffs' complaint must be dismissed pursuant to 29 U.S.C. § 216(b) because the Secretary of Labor has filed a complaint against the same employer to recover unpaid overtime compensation and fringe benefits.
The relevant portions of 216(b) and (c) are:
 "(b) Any employer who violates the provisions of Section 6 or Section 7 of the Act [29 U.S.C. § 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages or their unpaid overtime compensation, as the case may be, and an additional equal amount as liquidated damages. Action to recover such liability may be maintained against the employer (including a public agency) in any federal or state court of competent jurisdiction by any one or more employees. . .The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, CT Page 1931 shall terminate upon the filing of a Complaint by the Secretary of Labor in an action under Section 17 [29 U.S.C. § 217] . . .
 (c) . . . The right provided by Subsection (b) to bring an action by or on behalf of any employee and of any employee to become a party plaintiff to any such action shall terminate upon the filing of a Complaint by the Secretary in an action under this Subsection in which a recovery is sought of unpaid minimum wages or unpaid overtime compensation under Sections 6 and 7 [29 U.S.C. § 206 and 207]."
The plain language of these provisions terminates the right of an employee to bring an action or become a party plaintiff to any such action when the Secretary files a complaint. (emphasis supplied). The statute by its terms does not terminate an employee's right to maintain or continue an action once brought. Indeed, it implicitly countenances the continuation of such an action by seeking to terminate the right of an employee to become a party plaintiff to such an action. This view is supported by the case of Donovan v. Univ. of Texas at El Paso, 643 F.2d 1201
(5th Cir. 1981), were the court held: ". . .the right of an affected employee to commence or become a party plaintiff in a private action terminates. . .but previously filed private litigation by employees are not affected." (emphasis in original).
The Secretary's complaint was filed pursuant to41 U.S.C. § 351 et seq. and 40 U.S.C. § 327 et seq., not 29 U.S.C. § 217. The termination provisions of 29 U.S.C. § 216(b) and (c) do not apply to actions brought under 41 U.S.C. § 351 or 40 U.S.C. § 327. The defendants however argue that the termination language of 29 U.S.C. § 216(b) is applicable to the plaintiffs' case because 41 U.S.C. § 351 et seq. incorporates 29 U.S.C. § 206. Even if this were so, the court need not address this argument because all of the plaintiffs were parties to this action before the secretary of Labor filed his complaint, and therefore, their action is not CT Page 1932 affected. Donovan, supra. It is clear that the statute,29 U.S.C. § 216(b) and (c) does not operate to terminate the right of plaintiffs to maintain an action already pending.
Accordingly, the defendants' motion to dismiss is denied.
Teller, J.