[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendants have moved to dismiss this case for lack of subject matter jurisdiction. They claim (1) that the plaintiffs have an adequate remedy at law to seek prohibition of the defendants' installation of an asphalt plant; (2) that there is no need for an injunction until a valid DEP permit is issued and the operations in question are under the control of a legally constituted entity; (3) that plaintiffs have failed to exhaust their administrative remedies with regard to a claimed violation of the 50 foot buffer zone around the perimeter of the property; the partnership agreement which provides for the death of a pasture does not prohibit the defendant A. Aiudi Sons from engaging in business activities other than those associated with the distribution of assets and winding up its affairs.
Plaintiffs claim that the motion to dismiss should be denied, stating that this is a common law nuisance action. CT Page 5647
 "When a court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." Reynolds v. Soffer, 183 Conn. 67, 68. Cummings v. Tripp, 204 Conn. 67.
Although some of the plaintiffs' allegations very well may be subject to a motion to strike, the court believes there are sufficient allegations of common law nuisance to withstand a motion to dismiss. Cummings v. Tripp, supra; Tomasso Bros. v.October Twenty-Four, Inc., 221 Conn. 194.
Accordingly, the motion to dismiss is denied.
Allen, State Trial Referee