[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff brought this action against the CT Page 1516 defendants, McLaughlin Research Corporation (MRC) and its employees Howard Stone and Kelly Patricio, arising out of her employment by MRC. In a fourteen-count complaint, the plaintiff alleges certain sexually harassing conduct and seeks damages, punitive damages, and other appropriate equitable relief.
The allegedly sexually harassing conduct occurred between March 30, 1992 and March 7, 1994. In response to such conduct, the plaintiff filed a "Charge of Discrimination" with the Connecticut Commission on Human Rights and Opportunities (CHRO) and requested that CHRO file the charge with the Equal Employment Opportunity Commission (EEOC).
The CHRO issued a "Statement of Full Remedy" to the plaintiff on May 5, 1994, in which it disclosed that the full remedy available if the evidence secured in the investigation fully supports her claims would be: (1) re-instatement, (2) full back pay with interest, (3) restoration of seniority and fringe benefits, (4) ceasing harassment, and (5) other, including "compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, punitive damages, costs, and Attorney's Fe[es.]"
The administrative actions with the CHRO and EEOC are still pending. Defendant Howard Stone has moved this court to dismiss the plaintiff's complaint on the grounds that the plaintiff failed to exhaust her administrative remedies and, therefore, this court lacks subject matter jurisdiction.
"Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book § 145. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original.) Gurliacci v. Mayer, 218 Conn. 531, 544
(1991). "[O]nce the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." Id at 545.
"The doctrine of exhaustion is grounded in a policy of CT Page 1517 fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." ConcernedCitizens of Sterling v. Sterling, 204 Conn. 551, 557 (1987). "Because the exhaustion doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the plaintiff's claim." Id at 556. "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Emphasis added; internal quotations marks omitted.) Housing Authority v.Papandrea, 222 Conn. 414, 420 (1992).
"When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light."Reynolds v. Soffer, 183 Conn. 67, 68 (1981).
The plaintiff's complaint is pending resolution before the appropriate administrative agency, CHRO. The defendant claims, based on the unresolved administrative action, that this court lacks subject matter jurisdiction because the plaintiff failed to exhaust her administrative remedies. The plaintiff counters by arguing that the administrative remedies available through administrative channels are inadequate.
"Read in its entirety, the CFEPA not only defines important rights designed to rid the work place of discrimination, but also vests first-order administrative oversight and enforcement of these rights in the CHRO. It is the CHRO that is charged by the act with initial responsibility for the investigation and adjudication of claims of employment discrimination. That the act does not provide an unconditional private right of action for claimants like the plaintiff is underscored by the terms of General Statutes 46a-99, which expressly provides such a direct right of action when the allegedly discriminatory employer is a state agency. The plaintiff, having failed to follow the administrative route that the legislature has prescribed for his claim of discrimination, lacks the statutory authority to pursue that claim in the Superior Court." Sullivan v. Board of PoliceCommissioners, 196 Conn. 208, 216 (1985). The Sullivan court continues, however, to address recognized exceptions to this exhaustion doctrine and states: "Resort to administrative CT Page 1518 remedies is not required when the administrative remedy is plainly inadequate." Id. at 217.
In this action, the plaintiff seeks punitive damages and the CHRO, in its disclosure to the plaintiff, indicated damages were available if the evidence secured in the investigation supports the plaintiff's claims. The CHRO acknowledges that the plaintiff's claims, if substantiated, will enable the plaintiff to recover punitive damages, but the CHRO is without authority to award punitive damages. General Statutes § 46a-86;Chestnut Realty, Inc. v. CHRO, 201 Conn. 350, 366 (1986) (fair housing case interpreting General Statutes § 53-36; administrative relief limited to that "actually incurred by the plaintiff").
The pending administrative actions do not deprive this court of subject matter jurisdiction. The doctrine of exhaustion of administrative remedies is inapplicable to the present case because the plaintiff's claim for punitive damages is unavailable through the CHRO. Consequently, the administrative remedies are inadequate as a matter of law, and the defendant's motion to dismiss is denied.
Hendel, J.