[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, the pro se plaintiff, Thomas Tsimbidaros, has brought suit against the defendants, the State of Connecticut, the Secretary of State and the Judicial Department, for damages allegedly sustained as a result of incidents in the Waterbury Superior Court. Before the court is the defendants' motion to dismiss.
On June 7, 1995, the plaintiff filed a complaint against the defendant. The complaint, in relevant part, contains the CT Page 638 following allegations:
 Defendants State of Connecticut through of some of its employees of the Judicial district is violating plaintiff's constitutional and statutory rights. In agreement with the U.S. Dept. of Justice defendants is practicing various and vicious discriminatory acts against plaintiff as a reprisal stripping plaintiff of his constitutional and statutory liberties and privileges, forced plaintiff to lead a life of a political prisoner.
 Plaintiff been threatened in the court room while in session by an employee of the Judicial district, which threats cause plaintiff fears for his safety and mental anguish for his future. Plaintiff's believes and his political ideas and views are in constant conflict with the U.S. governments.
 On March 28, 1994, Plaintiff filed a complaint with the Superior Court in Waterbury for a [unintelligible] for one million dollars. . . .
 On October 5, 1994, Evidence and court reporter's tapes been altered and audio tapes been missing from the file to help the defense with it case, solo on the grounds that the defense is part of the Judicial system and plaintiff is not . . .
 On December 5, 1994, an employee of the Judicial District failed to perform his statutory duties and responsibilities . . .
The plaintiff seeks twenty five billion dollars in damages.
On July 14, 1995, the defendant filed the operative motion to dismiss along with a supporting memorandum. In response, the defendant filed an objection and supporting memorandum. Oral argument was heard before the court, at short calendar on October 12, 1995.
The motion to dismiss is the vehicle for challenging the court's jurisdiction. Concept Associates v. Board of TaxReview, 229 Conn. 618, 625, 642 A.2d 1186 (1994). "[T]he doctrine of sovereign immunity implicates subject matter CT Page 639 jurisdiction and is therefore a basis for granting a motion to dismiss." Amore v. Frankel, 228 Conn. 358, 364, 636 A.2d 786
(1994). "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light."Reynolds v. Soffer, 183 Conn. 67, 68, 438 A.2d 1163 (1981).
Generally, the state may not be sued without its consent.LaCasse v. Burns, 214 Conn. 464, 468, 572 A.2d 357 (1990). "It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases . . . and that since the state can act only through its officers and agents a suit against a state officer is in effect one against the sovereign state. . . . The state legislature . . . possesses the authority to abrogate any governmental immunity by statute that the common law gives to the state and municipalities." (Citations omitted; internal quotation marks omitted.) SagamoreGroup, Inc. v. Commissioner of Transp. , 29 Conn. App. 292,614 A.2d 1255 (1992).
There are three recognized exceptions to the defense of sovereign immunity. These exceptions are: (1) legislative consent to be sued; (2) action by state officers pursuant to an unconstitutional statute; and (3) action by state officers in excess of their statutory authority. See, Antinerella v. Rioux,229 Conn. 479, 642 A.2d 699 (1994); Unisys Corporation v.Department of Labor, 220 Conn. 689, 600 A.2d 1019 (1991); Savagev. Aronson, 214 Conn. 256, 264, 571 A.2d 696; Sentner v. Boardof Trustees, 184 Conn. 339, 439 A.2d 1033 (1981); Horton v.Meskill, 172 Conn. 615, 376 A.2d 359 (1977).
In the light most favorable to the plaintiff, the complaint contains vague allegations of discrimination, threats and a failure to perform statutory duties. There are no facts alleged in the complaint which would support the conclusion that this suit fits into one of the exceptions to the doctrine of sovereign immunity. The plaintiff has also failed to cite any statutory authority which would allow this suit. For these reasons, this suit seeking damages from the state is barred by the doctrine of sovereign immunity. The defendant's motion to dismiss granted.
KULAWIZ, J. CT Page 640