[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT BELL'S MOTION TO DISMISS (#102)
I. Factual and Procedural Background CT Page 7268
On January 10, 1996, Patricia T. MacVane (hereinafter the "plaintiff"), individually and as administratrix of the Estate of Lloyd P. MacVane (hereinafter the "decedent"), brought this action against Cassiar Mining Corporation[1] (hereinafter "Cassiar"), Bell Asbestos Mines (hereinafter "Bell" or "Bell Asbestos"), and Cuno, Incorporated,[2] alleging products liability, wanton, willful, and malicious misconduct, and loss of consortium. The plaintiff is a resident of Manchester, Connecticut. Cassiar Mining is a Canadian corporation with its principal place of business in British Columbia. Bell Asbestos is a Canadian corporation with its principal place of business in Quebec. Cuno, Incorporated is a Delaware corporation licensed to do business in the state of Connecticut.
The plaintiff's complaint alleges the following pertinent facts. The decedent resided in Manchester, Connecticut and was employed as a production supervisor from 1956 to 1995 by the Rogers Corporation, also located in Manchester, Connecticut. The complaint alleges that the decedent's job required him to handle asbestos products produced and/or distributed by the defendants, that the plaintiff breathed and inhaled these asbestos fibers, and that he died as the result thereof.
On March 13, 1996, Bell Asbestos filed a motion to dismiss the action against it for lack of personal jurisdiction.[3] On May 28, 1996, the plaintiff filed a memorandum of law in opposition to Bell's motion to dismiss. On August 19, 1996 Bell filed a reply memorandum to the plaintiff's opposition. On September 20, 1996, Bell filed a supplemental memorandum of law in support of its motion to dismiss. On June 2, 1997, the court Handy, J., heard oral argument on the motion.[4]
II. Discussion
A. Motion to Dismiss, General Legal Standard
"A motion to dismiss . . . properly attacks the jurisdiction of the court . . . ." Garlacci v. Mayer, 218 Conn, 531, 544,590 A.2d 914 (1991). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the person. . . ." Knipplev. Viking Communications, 236 Conn. 602, 604 n. 3, 674 A.2d 426
(1996), quoting Practice Book § 143. "The court must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Reynolds v. Soffer,183 Conn. 67, 68, 438 A.2d 1163 (1981). However, "[w]hen a motion to CT Page 7269 dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Standard Tallow Corporation v.Jowdy, 190 Conn. 48, 53, 459 A.2d 503 (1983).
In its motion to dismiss, Bell Asbestos claims that this court cannot assert personal jurisdiction over it since Bell lacks sufficient contacts with the state of Connecticut to come within the ambit of the State's long-arm jurisdiction. The plaintiff argues that Bell Asbestos has more than sufficient contacts with the state of Connecticut to meet the statutory and constitutional requirements and has supplied several documents as proof thereof.[5]
B. Personal Jurisdiction
1. Two-Part Inquiry
Whether a trial court may exercise personal jurisdiction over a foreign corporation requires a two-part inquiry: (1) whether the pertinent statute reaches the foreign corporation in question; and (2) whether such statutory reach exceeds the "minimum contacts" threshold for constitutional due process.Thomason v. Chemical Bank, 234 Conn. 281, 285-86, 661 A.2d 595
(1995), citing Frazer v. McGowan, 198 Conn. 243, 252,502 A.2d 905 (1986). General Statutes § 33-929[6] (formerly § 33-411) is Connecticut's long-arm statute governing jurisdiction over foreign corporations. Section 33-929 (e) provides that a foreign corporation will be subject to suit in the state of Connecticut by a resident of the state, regardless of whether the foreign corporation transacts business in the state, on any cause of action arising out of a 1) contract, 2) solicitation, 3) production, manufacture, distribution of goods, or 4) tortious conduct, by or with the foreign corporation. Specifically, § 33-929 (e)(3) provides that a "foreign corporation shall be subject to suit on an action arising out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers."[7] General Statutes § 33-929 (e)(3). CT Page 7270
If the trial court determines that the statutory requirements for jurisdiction have been met, the court must then determine whether the statutory requirements are sufficient to meet the "minimum contacts" requirements for constitutional due process. Under the federal analysis, the contacts "must be of a nature where `the traditional notions of fair play and substantial justice' are not offended by requiring a party to defend his case in the forum state." Hover v. Asbestos Corp, Ltd., 678 F. Sup. 370,373 (D.Conn. 1986), citing International Shoe Co. v.Washington, 326 U.S. 310, 316, 66 S.Ct 154, 158, 90 L.Ed. 95
(1945). "The defendant's conduct and connection with the forum State should be such that [it] should reasonably anticipate being hailed into court there. . . . [T]he due process requirement will not be satisfied where there is only a mere likelihood that a product will find its way into the forum state." (Brackets omitted.) Id. 373, citing World-Wide Volkswagen Corp. v. Woodson,444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).
2. Statutory Requirements
Defendant Bell appears to be arguing that there must be a casual connection between the defendant's contacts with the forum state and the plaintiff's cause of action in order for Connecticut to have jurisdiction pursuant to § 33-929 (e)[8]. First, Bell argues in its memorandum in support that § 33-929(e) requires proof of "direct sales" to Rogers in order for this court to assert jurisdiction over Bell.[9] Second, Bell claims in both its reply brief and at oral argument that documents demonstrating that it sold raw asbestos fiber to a Connecticut corporation are irrelevant in determining whether Connecticut has jurisdiction over the defendant in this case.
In Thomason v. Chemical Bank, supra, the Connecticut Supreme Court addressed whether § 33-929 (e) required a causal nexus between the plaintiffs action and the defendant's contacts with the state. The Court began its analysis with a review of the constitutional due process limits of state jurisdiction over foreign corporations. Thomason v. Chemical Bank, supra,234 Conn. 287. The Court observed that the due process clause is not offended when a forum state asserts jurisdiction over a foreign corporation which has "certain minimum contacts" with the forum state. Id. 287. The "minimum contacts" requirement can be satisfied by means of either "specific" or "general" jurisdiction. Id. Specific jurisdiction is satisfied where a CT Page 7271 nonresident defendant has "purposefully directed" its activities to the forum and the cause of action "arises out of or is related to" those activities. Id. 288, citing Keeton v. Hustler Magazine,Inc., 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). General jurisdiction is satisfied if the corporation has had "continuous and systematic general business contacts with the forum state, even if the cause of action does not arise out of or relate to the foreign corporation's activities in the forum state. Id., citing Helicopteros Nacionales de Columbia v. Hall,466 U.S. 408, 414, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The Court observed that while the exercise of specific jurisdiction did require a causal nexus, the exercise of general jurisdiction required no such nexus. Id. 289-90.
The Court then addressed the jurisdictional reach of § 33-929(e). It concluded that, despite the somewhat confusing use of the "arising out of" language peculiar to federal "specific" jurisdiction, Connecticut precedent had consistently held that a causal connection was not required for asserting jurisdiction under § 33-929 (e). Id. 290-91, citing Frazer v. McGowan, supra,198 Conn. 249; Lombard Bros., Inc. v. General Asset ManagementCo., 190 Conn. 245, 254-55, 460 A.2d 481 (1983). Thus, the Connecticut statute permits a greater jurisdictional reach then that afforded by federal "specific" jurisdiction, but something less than the jurisdictional reach afforded by unabated, federal "general" jurisdiction.[10] Id. 293, 295.
Addressing the specific jurisdictional requirements set forward in § 33-929 (e)(2), the Court concluded that for purposes of establishing jurisdiction pursuant to § 33-929 (e)(2), a "plaintiff need not show that, because of the act of solicitation, the defendant was on notice that it might be sued by the plaintiff. . . . A plaintiff similarly need not show that the defendant solicited his or her business in Connecticut. A plaintiff need only demonstrate that the defendant could reasonably have anticipated being hailed into court here by some person who had been solicited in Connecticut and that the plaintiff's cause of action is not materially different from an action that might have resulted directly from that solicitation."Id. 296.
Applying the Thomason analysis to the facts in this case,[11] this court finds that the statutory requirements set forward in § 33-929 (e)(3) for asserting jurisdiction over a foreign corporation have been met. The plaintiff is a resident of CT Page 7272 the state of Connecticut and has brought an action against, among others, Bell, for injuries allegedly sustained as a result of the inhalation of asbestos fibers. Bell Asbestos is a Canadian corporation which both distributes and mines asbestos fiber. The plaintiff has submitted an invoice from Bell to Rogers, a corporation located in Connecticut, regarding the shipment of raw asbestos fiber to Rogers in Connecticut. In addition, the plaintiff has provided correspondence between Bell and Raybestos-Manhattan, a corporation located in Connecticut, which indicates that Bell shipped raw asbestos fiber to Raybestos-Manhattan in Connecticut for a number of years. This court finds that Bell as a supplier of raw asbestos fiber to corporations located in Connecticut, could have reasonably anticipated being hailed into a Connecticut court by an individual such as the plaintiff if its product caused injury.Thomason v. Chemical Bank, supra, 234 Conn. 296.
3. Constitutional Due Process
Once the trial court determines that the statutory criteria for personal jurisdiction have been met, it must then determine whether the state's exercise of long-arm jurisdiction would offend due process. Frazer v. McGowan, supra, 198 Conn. 252. "The twin touchstones of due process analysis under the minimum contacts analysis are foreseeability and fairness." United StatesTrust Co. v. Bohart, 197 Conn. 34, 41, 495 A.2d 1034 (1985).
This court concludes that the exercise of personal jurisdiction over Bell does not offend due process. The plaintiff's documents demonstrate that Bell has had a continuous and systematic relationship with various Connecticut corporations which forecloses any assertion by Bell that subjecting it to suit in Connecticut would be either unforeseeable or unfair.Helicopteros Nacionales de Columbia, S.A. v. Hall, supra,466 U.S. 414, 416.
III. Conclusion
For the foregoing reasons, this court finds that it has personal jurisdiction over defendant Bell pursuant § 33-929
(e)(3), and that such jurisdiction is not precluded by the due process clause. The defendant's motion to dismiss the complaint is denied.
Handy, J. CT Page 7273