[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
On October 25, 1996, the plaintiff, Susan Leventhal, filed a one count complaint against the defendant, the commissioner of children and families, pursuant to General Statutes § 17a-28(k).[1] The action arises out of the refusal by the defendant to release to the plaintiff the names of individuals who have filed allegedly false reports against her with the department of children and families (DCF).
The complaint alleges that the plaintiff, the mother of four children, has been the victim of malicious attempts to harass, intimidate and terrorize her through the filing of false complaints with DCF. (Complaint, ¶¶ 4 and 6.) Starting in 1992 and continuing up to July, 1996, one or more unknown individuals have filed false complaints with DCF alleging that the plaintiff abused her children. (Complaint, ¶ 6.) The plaintiff further alleges that on each occasion in which a complaint has been filed against her, the defendant conducted an investigation which included contacts with the plaintiff, examination of the children, contact with the children's pediatrician and contact with law enforcement authorities. As a result of these investigations DCF concluded that all the complaints filed CT Page 2043 against the plaintiff were without merit. (Complaint, ¶¶ 8 and 11.)
The plaintiff alleges that after she filed a formal request with the defendant for a copy of all the records pertaining to her children, some of the records were released to her, but in redacted form. Specifically, the released records appear to contain the names of the individuals responsible for filing the false complaints against the plaintiff, but such names have been blacked out and are illegible. (Complaint, ¶¶ 12, 13 and 14.) The plaintiff alleges that, pursuant to General Statutes §17a-28 (j), she is entitled to the names of the individuals who filed the false complaints. (Complaint, ¶ 15.)
On February 11, 1997, the defendant filed a motion to dismiss the complaint and a supporting memorandum of law. The defendant moves to dismiss the action on the ground that the court lacks subject matter jurisdiction over the action. In the alternative, the defendant moves to strike the plaintiff's complaint "for failure to plead facts sufficient to establish that [the] plaintiff has standing to invoke the court's jurisdiction or to state a cause upon which relief can be granted by this court." The plaintiff filed a memorandum in opposition to the motion to dismiss on September 7, 1997. The defendant filed a supplemental brief on November 12, 1997.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." (Internal quotation marks omitted.)Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995). "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations in the complaint in their most favorable light."Reynolds v. Soffer, 183 Conn. 67, 68, 438 A.2d 1163 (1981).
The defendant moves to dismiss the plaintiff's complaint on the ground that the court lacks subject matter jurisdiction because the statute at issue in the present case, General CT Page 2044 Statutes § 17a-28(k),[2] does not provide a legal basis for a court order compelling the defendant to release the identities of individuals who filed complaints with DCF against the plaintiff. In fact, argues the defendant, pursuant to General Statutes § 17a-28(j)(1),[3] the identities of individuals who file a complaint with DCF reporting abuse or neglect of a child cannot be disclosed if the complainants requested that their identity be kept confidential. The defendant argues that, because the statute specifically precludes the defendant from disclosing information concerning the identity of individuals reporting abuse if those individuals requested anonymity, the plaintiff is not aggrieved within the meaning of General Statutes § 17a-28(k)(1) and, consequently, has no standing to petition the court to obtain the information. The defendant further argues that there is no statutory basis granting the court authority to order the defendant to release information protected by General Statutes § 17a-28(j)(1) and, without that power, the court has no jurisdiction.
The plaintiff counters that she is indeed aggrieved within the meaning of General Statutes § 17a-28(j) not only by virtue of the defendant's production of records with the names of the complainants blacked out, but also by the defendant's failure to produce the complete records pertaining to all the investigations conducted by DCF between 1992 and 1996. The plaintiff further argues that the defendant made a determination within the meaning of General Statutes § 17a-28(j)(2), when she declined to release the records requested by the plaintiff in their entirety and stated in a letter to the plaintiff the reasons for the refusal and that, therefore, the plaintiff has standing to bring this action pursuant to General Statutes §17a-28(k)(2).[4]
To determine whether the court has subject matter jurisdiction, the court must first ascertain whether the plaintiff has standing to bring this action because "[i]t is a basic principle of our law . . . that the plaintiffs must have standing in order for a court to have jurisdiction to render a judgment." (Internal quotation marks omitted.) ConnecticutBusiness Industry Assn., Inc. v. Commission on Hospitals Health Care, 218 Conn. 335, 346, 589 A.2d 356 (1991). "Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved."Carl J. Herzog Foundation, Inc. v. University of Bridgeport,243 Conn. 1, 5, 699 A.2d 995 (1997). Pursuant to General Statutes CT Page 2045 § 17a-28(k), in order to bring an action an individual must be aggrieved by a violation of General Statutes § 17a-28(j). The plaintiff in the present case bases her claim of aggrievement on the failure of the defendant to release the names of individuals responsible for filing allegedly false complaints against her with the DCF. (Complaint, ¶¶ 13, 14 and 15.) Pursuant to General Statutes § 17a-28(j)(1), however, the defendant is precluded from disclosing the identity of an individual reporting abuse to DCF if such individual requested that his identity be kept confidential. The individuals who filed the allegedly false complaints against the plaintiff in the present case requested confidentiality and, consequently, the statute invoked by the plaintiff does not afford her any right to the information she seeks. The plaintiff's complaint alleges: "Beginning in or about 1992, and continuing up to and including on or about July 12, 1996, the plaintiff has been the victim of malicious, calculated attempts to harass, intimidate, and terrorize her through the filing of false complaints with the defendant's department; to wit, one or more yet unknown individuals have made anonymous complaints or complaints in which they stated their identity(ies) and requested anonymity, with the defendant, her agents, servants and/or employees, regarding the plaintiff's alleged improper care or abuse of one or more of her minor children." (Emphasis added.) (Complaint, ¶ 6.) A reading of the above paragraph of the complaint makes it clear that the individuals whose identities the plaintiff is seeking to ascertain are exactly the individuals whose anonymity the statute at issue was designed to protect.
The statute invoked by the plaintiff does not grant her the right to the information she seeks nor does it require the defendant to disclose such information. On the contrary, General Statutes § 17a-28(j) unambiguously expresses the legislature's intent to specifically exempt information about the identity of individuals reporting abuse from the kind of information that a person has the right to access. It is therefore the opinion of this court that the plaintiff has not established that she has a legally protected right to the information requested from the defendant. Furthermore, General Statutes § 17a-28(k)(1) affords a cause of action to a person aggrieved by a "violation" of General Statutes § 17a-28(j). A "violation" is defined as "a breach, infringement, or transgression, as of a law, rule, promise, etc." Random House Compact Unabridged Dictionary (2d Ed. 1996). In declining to release the names of the informants, the actions of the defendant CT Page 2046 did not transgress or infringe the mandates of General Statutes § 17a-28(j)(1), but conformed precisely to them. Therefore, there is no violation of the statute by the defendant that can form the basis for the plaintiff's cause of action or for her claim of aggrievement. Consequently, the court lacks subject matter jurisdiction because the plaintiff has not been legally aggrieved and, therefore, does not have standing to bring this action. Thus the motion to dismiss is granted.[5]
HALE, J.