[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issues herein are as follows:
First, whether the motion to dismiss should be granted on the ground that the court does not have subject matter jurisdiction over the present action.
Second, whether the plaintiff lacks standing to bring the present action in the superior court.
On September 4, 1997, the plaintiff, Dorothy H. McAuley, filed an application for a temporary injunction against the defendant, Christine R. Orsini. The plaintiff alleges that the defendant was granted a zoning permit on June 4, 1997, by the Planning Zoning Commission (PZC) of the Town of Wolcott to build a garage.[1] (Complaint, ¶ 13.) The dimensions of the garage are twenty four feet by twenty four feet, with a height of CT Page 5905 twenty feet. (Complaint, ¶ 13.)
The plaintiff further alleges that the zoning permit is illegal and in violation of Wolcott zoning regulations. (Complaint, ¶ 14.) The plaintiff alleges that the zoning regulations prohibit structures from covering more than fifteen percent of a parcel.[2] (Complaint, ¶ 14(a).) The plaintiff also alleges that the height of the proposed garage exceeds the zoning requirement of fifteen feet. (Complaint, ¶ 14(b).) Next, the plaintiff alleges that: "In granting the aforesaid zoning permit, the said commission failed and refused to take into account the fact that the defendant's existing subsurface sewage disposal system together with an additional ten (10) feet surrounding the same is unbuildable land within the scope of said regulations." (Complaint, ¶ 14(c).) Finally, the plaintiff alleges that a permanent utility easement exists, rendering "a substantial portion" of the defendant's property unbuildable. (Complaint, ¶ 14(d).)
The plaintiff also alleges that the erection of the proposed garage will interfere with her use and enjoyment of her property, will result in irreparable harm to the plaintiff and her property, and that the plaintiff has no adequate remedy of law. On or about October 14, 1997, the defendant filed a motion to dismiss the action on the grounds that the court lacks subject matter jurisdiction because the plaintiff has not exhausted her administrative remedies, and that the plaintiff lacks standing. The plaintiff filed a memorandum of law in opposition to the defendant's motion to dismiss dated December 11, 1997.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadlowski v. Manchester, 235 Conn. 637,645-46 n. 13, 668 A.2d 1314 (1995). "[T]he court in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson, 214 Conn. 256, 264, 571 A.2d 696
(1990).
The defendant moves to dismiss this action on two grounds. CT Page 5906 The defendant argues that the plaintiff has not exhausted her administrative remedies before bringing this action, and that the plaintiff lacks standing, because the plaintiff did not appeal to the superior court within fifteen days.[3] The plaintiff opposes the motion, arguing that this case falls under the exception to the exhaustion rule. In the alternative, the plaintiff argues that she is not contesting the ruling of the ZBA, which she characterizes as a ruling confined to the extension or enlargement of an existing non-conforming use.[4]
It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. (Internal quotation marks omitted.) Simko v. Ervin,234 Conn. 498, 503, 661 A.2d 1018 (1995). "The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief and to give the reviewing court the benefit of the local board's judgment. . . . It also relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." Id., 504.
The plaintiff has not exhausted her administrative remedies before seeking judicial review. In her memorandum in opposition to the motion to dismiss, the plaintiff argues that she is not challenging the May 16, 1997 decision of the ZBA regarding the extension or enlargement of the existing non-conforming use. Instead, the plaintiff argues that she is challenging the violations of height and lot coverage zoning requirements. The plaintiff's argument is an implicit challenge of the ZBA's ruling on May 16, 1997.
In essence, four months after the ZBA's ruling, the plaintiff is contesting the ZBA's opinion that the defendant's garage was in accordance with all zoning regulations. The plaintiff brings this action, maintaining that the building permit was invalidly issued under the zoning regulations, without appealing the issuance of the building permit to the ZBA as is required by statute. General Statutes § 8-7.
The plaintiff, however, claims that she "falls squarely within the exception to the exhaustion of remedies rule . . ." (Plaintiff's Memorandum, 12/11/97, p. 4.) Citing Scoville v.CT Page 5907Ronalter, 162 Conn. 67, 70, 74, 291 A.2d 222 (1973), and Cummingsv. Tripp, 204 Conn. 67, 75, 527 A.2d 230 (1987), the plaintiff relies on the exception which states that "[a]ny person specifically and materially damaged by a violation of the zoning ordinances which has occurred or is likely to occur on another's land may seek injunctive relief restraining such violation [without exhausting administrative remedies]." Cummings v. Tripp,supra, 75. The plaintiff's reliance on the exception to the exhaustion rule is misplaced.
In the cases cited by Cummings, the factual circumstances of the cases and the relief sought were distinctly equitable in nature. See Cummings v. Tripp, supra, 76-78, citing Reynolds v.Soffer, 183 Conn. 67, 438 A.2d 1163 (1981),
Whether the defendant's garage would be in violation of lot coverage or height regulations is just the type of issue that would be susceptible of determination by a ZBA composed of laymen. Such an issue is not equitable in nature; rather, it is within the realm of experience particular to the ZBA, where no judicial review is necessary except to address claims of arbitrary decision making. The ZBA can interpret and review the town regulations, as the plaintiff undoubtedly has, and then determine whether the proposed garage violates those regulations.
Furthermore, "[t]he granting of injunctive relief . . . must be compatible with the equities of the case [and] rests within the trial court's sound discretion . . . Those equities should take into account the gravity and willfulness of the violation, as well as the potential harm . . . Failure to exhaust administrative remedies is one factor the trial court may consider in balancing the equities." (Citations omitted; internal quotation marks omitted.) Haddam v. LaPointe,42 Conn. App. 631, 639 (1996).
The plaintiff did not appeal the ZBA ruling which implicitly addressed the zoning requirement issues presented here. The plaintiff could have appealed to the ZBA the decision of the PZC to issue a building permit despite the alleged zoning violations. The plaintiff did not appeal the decision of either administrative agency for approximately four months. The defendant, on the other hand, pursued the appropriate administrative recourse to gain approval for the construction of the garage.
The defendant's motion to dismiss is granted on the ground CT Page 5908 that the court lacks subject matter jurisdiction because the plaintiff has not exhausted her administrative remedies.
KULAWIZ, J.