[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiffs, Werner E. Wind (Wind) and Christopher Franco (Franco) brought this action in the Superior Court by amended verified complaint (complaint) alleging that the defendants, Town of Greenwich Planning and Zoning Commission (PZC), James Maloney, Town of Greenwich Zoning Enforcement Officer (ZEO), William Marr, Town of Greenwich Building Inspector (inspector) and Dawn HL, LLC (Dawn) have infer alia wrongfully given or are acting on the mistaken belief that construction at 61 Dawn Harbor Lane, Greenwich Connecticut (property), is exempt from Coastal Management Act (CMA) review. See General Statutes § 22a-90 et seq.; Greenwich Building Zone Regulations § 6-111. Dawn was formed by Philip A. Hadley for the sole purpose of purchasing and constructing a residence. The property was eventually purchased by Dawn because, in addition to a waterfront location, a building permit had already been secured by the predecessor in interest to Dawn, thus making the property suitable for building. The building permit was allegedly granted in part due to the fact that the Assistant Town Planner for the Town of Greenwich, Hiram W. Peck (assistant planner), in the name of the Town Planner for the Town of Greenwich, Diane W. Fox (planner), erroneously concluded that the property was exempt from CMA review and approval. The plaintiffs also allege that the ZEO is charged with the task of making sure that building permits are issued in compliance with the zoning regulations and that when permits are improperly issued by the inspector the ZEO is charged with rescinding or revoking them. The ZEO has neither revoked nor rescinded the building permit at issue in this case. The defendants now move to dismiss this action on the grounds that the plaintiffs have not exhausted their administrative remedies. CT Page 1904
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Citation omitted.) Drummv. Brown, 245 Conn. 657, 676, 716 A.2d 50 (1998).
The defendants argue that exhaustion requires that the plaintiffs appeal the exemption from CMA and the resulting issuance of a building permit to the Zoning Board of Appeals.[1] The plaintiffs argue in opposition that "any person specifically and materially damaged by a violation of zoning ordinances on another's land may seek injunctive relief restraining the violation without first exhausting administrative remedies."
In examining whether an exception to the exhaustion doctrine applies to this case the court is limited to those facts alleged by the plaintiffs in their complaint. See Butzgy v. Glastonbury,203 Conn. 109, 121, 523 A.2d 1258 (1987). "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . Despite this principle, in Reynolds we held that any person specifically and materially damaged by a violation of the zoning ordinances which has occurred or is likely to occur on another's land may seek injunctive relief restraining such violation without first exhausting administrative remedies. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) Cummings v. Tripp, 204 Conn. 67, 75,527 A.2d 230 (1987); see also Reynolds v. Soffer, 183 Conn. 67,69, 438 A.2d 1163 (1981) (finding that allegations of specific and material damage must be present for there to be an exception to the exhaustion doctrine).
"In all cases in which we have applied this exception to the CT Page 1905 exhaustion requirement, the aggrieved party claimed that a zoning regulation had been violated." Simko v. Ervin, 234 Conn. 498,504-05, 661 A.2d 1018 (1995). Moreover, "[w]e cannot state too strongly . . . the necessity for clear and precise allegations of specific and material claims of damage in order to establish the threshold requirement for this exception to the exhaustion doctrine." Cummings v. Tripp, supra, 204 Conn. 76; Raymond v.Rock Acquisition Limited Partnership, 50 Conn. App. 411, 416,717 A.2d 824 (1998).
Here, the plaintiffs alleged that the PZC and various Town of Greenwich officials erroneously interpreted the CMA, consequently leading to an exemption from CMA review. This clearly does not amount to an alleged violation of an ordinance or regulation.[2] Moreover, the plaintiffs have not made clear and precise allegations of specific and material damage. Again, the allegations are that errors were made by the Town of Greenwich and its officials. Paragraph twelve of the complaint is the only paragraph that alleges any type of harm.[3] As the plaintiffs have not alleged, with any clarity or precision, facts which show specific and material damage the threshold requirement for the exception to the exhaustion doctrine has not been established. Accordingly, the plaintiffs should have exhausted their administrative remedies prior to bringing an action in this court. The defendants' motion to dismiss is, therefore, granted.
So Ordered.
D'ANDREA, J.