[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In a memorandum of decision dated September 11, 2001, this court decided that a so-called Standard Tallow[1] hearing was required in order to rule on a motion to dismiss (#103) for lack of personal jurisdiction filed by the defendant, American Bank Note Holopgraphics, Inc., a foreign corporation located in Elmsford, New York. The earlier decision also discussed: (i) the allegations in the complaint filed by the plaintiff, Jeffrey L. Miller, a resident of Connecticut against the defendant, his former employer, for breach of an oral employment agreement; (ii) the fact that the burden of proving jurisdiction under Practice Book § 10-31(a)(2) was on the plaintiff, citing Knipple v.Viking Communications, Ltd., 236 Conn. 602, 607, 674 A.2d 426 (1996), but stating that the allegations of the complaint must be considered in their most favorable light, Reynolds v. Soffer, 183 Conn. 67, 68, 438 A.2d 1163
(1981); and (iii) the nature of the inquiry that is necessary on a challenge to the court's jurisdiction, i.e., "whether the applicable state long-arm statute* authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Knipple v. Viking Communications,Ltd., supra, 236 Conn. 606.
The defendant argues that the plaintiff cannot satisfy his burden of proving long-arm jurisdiction as the plaintiff has alleged no basis for personal jurisdiction. The defendant asserts that it is not a domiciliary of Connecticut, is not incorporated in Connecticut, is not registered to transact business as a foreign corporation, does not transact business in this state, does not advertise, or solicit business in this state, and does not maintain employees, agents or facilities in Connecticut. The defendant also contends that its actions are insufficient to support jurisdiction under any provision of General Statutes § 33-929 (f),[2]
the Connecticut long-arm statute, which provides that a foreign corporation is subject to suit in this state under any one of a variety CT Page 10994 of circumstances. In addition, General Statutes § 33-929 (e) provides that any foreign corporation which "transacts business" in this state in violation of General Statutes § 33-920 "shall be subject to suit in this state upon any cause of action arising out of such business."[3]
In opposition, the plaintiff argues that the actions of the defendant as alleged in the complaint are sufficient to confer jurisdiction under General Statutes § 33-929 (f). The plaintiff maintains that the employment contract between himself and the defendant, although entered into in the state of New York, was to be performed partly in this state, and that, therefore, this court has jurisdiction over the defendant pursuant to General Statutes § 33-929 (f)(1). Furthermore, the plaintiff contends that the defendant has repeatedly solicited business in Connecticut and thereby satisfied the requirements of § 33-929 (f)(2). Finally, the plaintiff argues that the defendant sold its products in this state and such products were used within the state of Connecticut and that jurisdiction is therefore based on § 33-929 (f)(3).
The Standard Tallow evidentiary hearing disclosed the following facts. The plaintiff and the defendant entered into an employment contract in July of 1997 which provided that the plaintiff would act as a salesman for the defendant on a country-wide basis. He did not have a specific territory in that his agreement with the defendant did not restrict the plaintiff's activities to the state of New York or prohibit the plaintiff from soliciting business in Connecticut, the state in which he resided.
The defendant provided holograms to its customers such as Visa and Master Card, which were described as a security device making it difficult to counterfeit. The hologram is similar to a label, a sticker, a stamp, or a hangtag and was produced at the defendant's company headquarters in Elmsford, New York, and thereafter distributed to various of the defendant's licensees all over the country. The plaintiff lived in New Canaan at the time he was hired by the defendant as a salesman. The plaintiff solicited business in this state on behalf of his employer by calling on several potential customer located here. The plaintiff was successful, however, in only one case, albeit it was a lucrative account. Reference is to Titan Sports, Inc., doing business as the World Wresting Federation (WWF), which was located in Stamford. The plaintiff knew people in the WWF, called on them repeatedly, socialized with them, and eventually, after some six months of effort, obtained this account for the defendant.
On some occasions, the plaintiff would spend the whole day at WWF and not even go to his office in Elmsford. WWF agreed with the defendant that for a period of three years the defendant would be its exclusive supplier CT Page 10995 of holograms. The contract, however, was operative only from roughly the spring of 1998 to the fall of 1999, more or less fourteen months. The plaintiff, who worked for the defendant for approximately two and a half years, ending in January of 2000, claims that he spent approximately 30% to 40% of his time soliciting business in this state until the last six or eight months of his employment.
This account brought in approximately a million dollars a year before it was terminated by WWF for reasons which are in dispute and are not relevant to the pending motion to strike. The defendant knew that the plaintiff was working in this state on its behalf as the plaintiff kept the former president of the defendant advised of his efforts in this state and elsewhere. In addition, the defendant agreed that the WWF contract constituted about 5% to 7% of its total business during the time period when the contract was operative.
 I. Jurisdiction Under the State Long-Arm Statute
The defendant contends that the plaintiff's cause of action is based on the alleged breach of an employment agreement by the defendant. This employment agreement was made in New York and did not specify that the plaintiff was to conduct his activities in this state. The plaintiff had his office in New York. It is important to note, however, that our long arm statute may apply even though there is "[no] causal connection between the plaintiff's cause of action and the defendant's presence in this state." Thus, the issue is to what extent the defendant was "present" in Connecticut. Lombard Bros., Inc. v. General Asset ManagementCo., 190 Conn. 245, 253-54, 460 A.2d 481 (1983).
General Statutes § 33-929 (f)(1) provides a sufficient basis for the exercise of personal jurisdiction over the defendant because the contract between the plaintiff and the defendant, although not made in this state, was to be performed at least partially in this state. When the defendant hired the plaintiff, it knew that he was a Connecticut resident, an experienced salesman, that he had contracts in this state, and would soliciting business here. After he was hired, the defendant knew that the plaintiff was calling on potential costumers in this state, particularly WWF.
Subsection 2 of General Statutes § 33-929 (f) provides that a foreign corporation can be sued in this state if it repeatedly solicits business here. Acting through its employee, the plaintiff, the defendant solicited WWF over the course of considerable time and was ultimately successful. The plaintiff also called on other companies in the hope of getting business for the defendant. CT Page 10996
Subsection (3) does not afford a basis for jurisdiction because the holograms that the defendant produced for WWF were shipped directly by the defendant to WWF's licensees all over the country. It cannot be said that the holograms produced by the defendant were reasonably expected to be used in this state or were so used.
Thus, subsections 1 and 2 afford jurisdiction because the plaintiff's employment with the defendant was to be performed, albeit only partially, in Connecticut, and because the defendant repeatedly solicited business in this state.
 II. Jurisdiction Under Constitutional Standard of Due Process
Having determined that jurisdiction may be exercised pursuant to General Statutes § 33-929 (f), the court must next determine whether the assertion of personal jurisdiction over the defendant would comport with constitutional requirements of procedural due process. Knipple v.Viking Communications, Ltd., supra, 236 Conn. 609. It must be determined whether the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Thomason v. ChemicalBank, 234 Conn. 281, 287, 661 A.2d 595 (1995), citing International ShoeCo. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness. `[T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" United States Trust Co. v.Bohart, 197 Conn. 34, 41, 495 A.2d 1034 (1985), quoting World WideVolkswagen Corp. v. Woodson, 444 U.S. 286, 287, 100 S.Ct. 559,62 L.Ed.2d 490 (1980).
"The specific facts of each case necessarily determine the outcome of a minimum contacts analysis." United States Trust Co. v. Bohart, supra,197 Conn. 42. "It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462,475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). However, "jurisdiction in these circumstances may not be avoided merely because the defendant did not physically enter the forum State. . . . So long as a commercial actor's efforts are `purposefully directed' toward residents of another State, [our Supreme Court has] . . . consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction CT Page 10997 there." Id., 476. Moreover, it is not the quantity of contacts that determine the satisfaction of the minimum contacts analysis, rather it is the quality of the contact or contacts. International Shoe Co. v.Washington, supra, 326 U.S. 319. As a result, a sole contract with a state may satisfy the due process requirement of minimum contacts. SeeBurger King Corp. v. Rudzewicz, supra, 471 U.S. 475 n. 18.
Furthermore, "[e]ither `specific' jurisdiction or `general' jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum." Thomason v.Chemical Bank, supra, 234 Conn. 287-88. A state can exercise "specific jurisdiction" over a defendant when the suit in question arises out of or relates to the defendant's contacts with the forum. HelicopterosNacionales de Columbia. S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868,80 L.Ed.2d 404 (1984). This is not the case in this present action. However, a state can exercise "general jurisdiction" over a defendant when, though the suit in question does not arise out of or relate to the defendant's contacts with the forum, such contacts are "continuous and systematic." Id., 414, 416.
In the present case, applying these standards, there is a basis for exercising specific jurisdiction over the defendant. The defendant purposefully availed itself of the privilege of conducting activities within this state, invoking the benefits and protections of its laws, by virtue of its lucrative, three year agreement with WWF.
Furthermore, the defendant's contacts in Connecticut were sufficiently substantial for it to have reasonably anticipated being sued in Connecticut. The defendant knew it was contracting with WWF, which was located in this state. These purposeful contacts are sufficient to justify the exercise of personal jurisdiction over the defendant.
Jurisdiction over the defendant foreign corporation is also proper as the threshold requirement of minimum contacts with Connecticut is satisfied and jurisdiction over the defendant on the basis of its contract with WWF would not be unfair. See Burger King Corp. v.Rudzewicz, supra, 471 U.S. 477-78. Accordingly, the defendant's motion to dismiss is denied.
So Ordered.
Dated at Stamford, Connecticut, this 28th day of August, 2002.
William B. Lewis, Judge (T.R.) CT Page 10998